*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0430P (6th Cir.)
File Name: 03a0430p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

DARREL HENRY,
　　　*Plaintiff-Appellee/*
　　　*Cross-Appellant,*

*v.*

WAUSAU BUSINESS
INSURANCE CO.,
　　　*Defendant-Appellant/*
　　　*Cross-Appellee.*

Nos. 01-4105/4223

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 00-00642—Herman J. Weber, District Judge.

Argued: August 1, 2003

Decided and Filed: December 8, 2003

Before: KENNEDY, GILMAN, and GIBBONS, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Brian L. Wildermuth, LAW OFFICES OF
NICHOLAS E. SUBASHI, Dayton, Ohio, for Appellant.

Michael Robert Thomas, PRATT, SINGER & THOMAS,
Middleton, Ohio, for Appellee. **ON BRIEF:** David J. Arens,
LAW OFFICES OF NICHOLAS E. SUBASHI, Dayton,
Ohio, for Appellant. Michael Robert Thomas, PRATT,
SINGER & THOMAS, Middleton, Ohio, for Appellee.

———————————

**OPINION**

———————————

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-
appellee/cross appellant Darrel Henry's wife, Carol Henry,
was killed in an automobile accident. At the time of her
death, Carol Henry was an employee of the Madison Local
School District (Madison). Henry filed insurance claims
pursuant to the uninsured and underinsured (UM/UIM)
motorist provisions in a business automobile liability
insurance policy and an education liability insurance policy
issued to Madison by defendant-appellant/cross-appellee
Wausau Business Insurance Company (Wausau). Wausau
denied coverage and Henry sued seeking a declaratory
judgment that Carol Henry was covered by the Wausau
policies at the time of her accident. The parties filed cross-
motions for summary judgment. The district court denied
Wausau's motion with respect to Henry's claims under the
business automobile policy and granted summary judgment
in favor of Henry. The district court granted Wausau's
motion for summary judgment with respect to Henry's
claims under the education liability policy on the grounds that
the policy was not subject to Ohio Revised Code (O.R.C.)
§ 3937.18's requirement that the insurer offer UM/UIM
coverage. For the reasons set forth below, we reverse in part,
affirm in part, and remand the case for further proceedings
consistent with this opinion.

## I.

On September 21, 1998, Carol Henry was killed when an automobile driven by Todd J. Hyde, Sr. collided with the vehicle she was operating. The sole cause of the accident was Hyde's negligence. Hyde did not have automobile liability insurance covering him for the operation of the vehicle involved in the collision. At the time of the accident, Carol Henry was an employee of the Madison Local School District. Wausau had issued a business automobile policy of insurance to Madison that was in full force and effect on the date of the accident. The policy was issued for the period of September 1, 1998, to September 1, 1999. Madison also had an education liability policy of insurance with Wausau that was in full force and effect on the date of the accident.

At the time of the accident, Carol Henry maintained an automobile insurance policy with Westfield Insurance Company that included both liability coverage and uninsured motorist coverage. Darrel Henry settled with Westfield for $100,000.00, the uninsured motorist coverage limit. Although Carol Henry was not acting in the scope of her employment and was driving her own vehicle when the accident occurred, Darrel Henry also sought UM/UIM coverage under both of Wausau's policies. Wausau denied coverage under the policies.

On June 27, 2000, Darrel Henry sued Wausau in the Butler County, Ohio Court of Common Pleas. Henry sought a declaratory judgment against Wausau seeking recovery of uninsured motorist benefits under the business automobile liability policy and the education liability policy. Wausau removed the case to the United States District Court for the Southern District of Ohio on the basis of diversity jurisdiction.

The parties filed stipulations of fact and then filed cross-motions for summary judgment. On September 27, 2001, the district court granted summary judgment in favor of Wausau as to Henry's claims under the education liability policy on the grounds that the policy was not subject to O.R.C. § 3937.18's requirement that the insurer offer UM/UIM coverage, but denied Wausau's request for summary judgment on Henry's claims under the business automobile policy. The district court granted summary judgment in favor of Henry on the business automobile policy and referred the case to binding arbitration on the issue of damages under that policy.

On October 4, 2001, Henry filed a motion for certification of questions of law to the Ohio Supreme Court. On October 12, 2001, Wausau filed a timely notice of appeal regarding the district court's summary judgment rulings. The district court denied Henry's motion to certify on October 24, 2001. On October 29, 2001, Henry filed a notice of appeal.

## II.

This court reviews *de novo* a district court's grant of a motion for summary judgment. *Braithwaite v. Timken Co.*, 258 F.3d 488, 492-93 (6th Cir. 2001). This court reviews for an abuse of discretion an order denying summary judgment on the grounds that there is a genuine issue of material fact; however, if the denial is based on purely legal grounds, then review of the denial is *de novo*. *Garner v. Memphis Police Dep't.*, 8 F.3d 358, 363 (6th Cir. 1993)). When reviewing the record, all inferences are to be drawn in the light most favorable to the non-moving party. *Braithwaite*, 258 F.3d at 493 (citing *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245-46 (6th Cir. 1997)). However, a party opposing a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The party opposing the motion must "do more than simply

show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Braithwaite*, 258 F.3d at 493 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998)) (citation omitted).

## III.

The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1332. *Lee-Lipstreu v. Chubb Group Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) (holding that federal courts have jurisdiction over actions by an insured against his or her own insurance company if the two parties are diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)). This court has appellate jurisdiction to review the district court's order granting summary judgment pursuant to 28 U.S.C. § 1291.

Because the court is exercising its diversity jurisdiction in the present case, the substantive law of Ohio is controlling. *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). In determining questions of Ohio state law, the court must follow the controlling decisions of the Ohio Supreme Court. *Id.*

### A.   Business Automobile Liability Policy

Henry claims that his wife was an insured covered under the Wausau business automobile policy pursuant to *Scott-Pontzer v. Liberty Mutual Fire Insurance Co.*, 710 N.E.2d 1116 (Ohio 1999), and therefore is entitled to UM/UIM motorist coverage pursuant to Ohio law. Wausau contends that *Scott-Pontzer* is not applicable because this case involves a policy of insurance issued to a public school district, not a private corporation.

Coverage under the UM/UIM provision at issue is limited to an "insured," a term defined in the provision as follows:

B.   WHO IS AN INSURED
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

This definition is identical to the definition of "insured" in the policy that was at issue in *Scott-Pontzer*.

In *Scott-Pontzer*, the Ohio Supreme Court ruled that a corporation's employees, even though they are not named insureds, are considered insureds entitled to UM/UIM coverage under a commercial automobile liability policy. 710 N.E.2d at 1119. According to the court, where the definition of "insured" in a UM/UIM provision includes the term "You" and the named insured is a corporation, the term "You" is ambiguous. Applying the legal principle that ambiguous provisions in an insurance contract will be "strictly construed against the insurer," the court held that the term "You" could be construed to include the corporation's employees because a corporation can act only by and through live persons. *Id.* at 1119 (quoting *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380 (1988)). Moreover, the court concluded that, unless the UM/UIM provision contained a specific limitation or exclusion, the corporation's employees were entitled to UM/UIM coverage even when acting outside the scope of their employment. *Id.* at 1120.

Henry argues that his wife was covered by the UM/UIM provisions in Wausau's business automobile liability policy

even though she was not acting within the scope of her employment at the time of her accident because the rationale in *Scott-Pontzer* should be extended to business automobile liability policies issued to public school districts. We find it unnecessary to address this argument due to the Ohio Supreme Court's recent decision in *Westfield Insurance Company v. Galatis, et al.*, No. 2002-0932, 2003 WL 22461833, *13 (Ohio Nov. 5, 2003). *Westfield* limits the holding of *Scott-Pontzer* so that it now applies only in those situations where an employee is acting within the course and scope of her employment at the time of the accident. *Id.* The parties in this case agree that Carol Henry was not acting within the course and scope of her employment at the time of her accident. Under *Westfield*, she is not covered by the UM/UIM provision in Wausau's business automobile liability policy regardless of whether *Scott-Pontzer* applies to public school districts.

### B.    Education Liability Policy

In his cross-appeal, Henry challenges the district court's decision granting summary judgment in favor of Wausau with respect to his claims under the education liability policy. He argues that the policy is subject to the provisions in O.R.C. § 3937.18(A), which provides that no automobile liability or motor vehicle liability policy of insurance shall be delivered or issued for delivery unless both uninsured and underinsured motorist coverages are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds. Therefore, under the statute, an insurer must offer UM/UIM coverage whenever an automobile liability or motor vehicle liability policy is offered. If UM/UIM coverage is not offered, then it becomes part of the policy by operation of law. *See Davidson v. Motorists Mut. Ins. Co.*, 744 N.E.2d 713, 715 (Ohio 2001). The parties do not dispute that the education liability policy does not contain UM/UIM coverage and that such coverage was not offered. The relevant

question thus becomes whether the policy at issue is an automobile liability or motor vehicle liability policy.[1]

The education liability policy at issue provides the following automobile liability exclusion and exceptions to the exclusion:

This insurance does not apply:

2. To any liability arising from the ownership, operation, maintenance or use of any owned or non-owned "automobile," watercraft or aircraft. Operation of an "automobile" shall be considered to include (1) "loading or unloading," (2) the operation of any "automobile" in Driver's Education classes, (3) "occupying" any "automobile," (4) the training or supervision of drivers and their aides and (5) the activities of drivers or their aides in supervising people "occupying" any vehicle, and (6) [t]he training or supervision of employees who are "loading and unloading" an "automobile." This exclusion shall not apply to:

  a.    On premises activities which are necessary or incidental to an "automobile" vocational technical class forming a regular part of the school's instructional program.

  b.    On premises or between premises use of golf carts or tractors.

---

[1]The parties dispute whether or not the amended version of O.R.C. § 3937.18, effective September 3, 1997, is applicable. We need not reach this issue, however, because we find that under either version of the statute, the education liability policy contains only incidental automobile coverage which is insufficient to require Wausau to offer UM/UIM coverage.

***

e. On premises activities involving the use of stationary "automobile" or aircraft in a training or instructional program.

f. Items 2.(4), (5) and (6) above, if excluded under the "named insured's" automobile or fleet liability policy.

Henry asserts that this policy provision is sufficient to provide motor vehicle liability coverage, pursuant to *Selander v. Erie Ins. Group*, 709 N.E.2d 1161 (Ohio 1999), thereby entitling him to UM/UIM coverage under the policy.

In *Selander*, the insured was covered by a general business liability policy that generally excluded coverage for liability arising out of the use of motor vehicles, but provided limited coverage for claims arising out of the use of hired or "non-owned automobiles" used in the insured's business. *Id.* at 1162. There was no dispute that automobile liability existed in certain circumstances. *Id.* at 1163. The *Selander* court determined that "where motor vehicle coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." *Id.*

The Ohio Supreme Court clarified its *Selander* decision in *Davidson*. According to the *Davidson* court:

In *Selander*, we were construing a general business liability policy that expressly provided insurance against liability arising out of the use of automobiles that were used and operated on public roads. Since there was express automobile liability coverage arising out of the use of these automobiles, we reasoned that UM/UIM coverage was required. That holding comports with the requirement under R.C. 3937.18 that UM/UIM coverage must be offered where the policy is an automobile or motor vehicle liability policy. In contrast, the policy at

issue in this case is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally. Instead, the homeowner's policy provides incidental coverage to a narrow class of motorized vehicles that are not subject to motor vehicle registration and are designed for off-road use or are used around the insured's property.

These distinctions are significant. Clearly, the policy in *Selander* was deemed an automobile or motor vehicle policy precisely because there was express liability coverage arising from the use of the automobiles.

744 N.E.2d at 717. The *Davidson* court distinguished *Selander* primarily on the basis that the vehicles at issue in *Davidson* were "neither subject to motor vehicle registration nor designed to be used on a public highway." *Id.*

Several Ohio courts have addressed the issue of whether an education liability policy is an automobile policy subject to § 3937.18. Where an education liability policy contains a motor vehicle exclusion, Ohio courts have held that the cases are analogous to *Davidson* and have concluded that § 3937.18 is not applicable. *See Attenson v. Nationwide Mut. Ins. Co.*, No. 00 M 00850 (Geauga Cty. Ohio Apr. 5, 2002) (holding that education liability policies do not qualify as automobile liability policies); *Hummel v. Hamilton*, No. CV00-01-0170 (Butler Cty. Ohio Feb. 19, 2002) (applying *Davidson* in finding that UM/UIM coverage is not imputed by operation of law to an education liability policy containing motor vehicle exclusion with an exception for on premises or between premises use of golf carts and tractors); *Bartlett v. Nationwide Mut. Ins. Co.*, No. 2000-CV-338, at 2-3 (Ashtabula Cty. Ohio Oct. 29, 2001) (applying *Davidson* and concluding that plaintiffs were not entitled to UM/UIM coverage under the education liability policy when the policy contained a motor vehicle exclusion). *But see Zirger v. Ferkel*, 2002 WL 1300769, at *8 (Ohio App. Ct. June 6, 2002) (holding that the education liability policy at issue was

an automobile liability policy under § 3937.18(L)(2), which covers umbrella policies, where the policy provided direct coverage for liability arising out of various driver's education activities if the commercial auto policy excludes coverage for that liability).

The Ohio Supreme Court has also declined to extend *Selander* with regard to homeowner's insurance policies containing residence-employee exceptions. In *Hillyer v. State Farm Fire and Casualty Co.*, 780 N.E.2d 262 (Ohio 2002), the Ohio Supreme Court held that a "residence-employee clause" in a homeowner's insurance policy does not convert the policy into an automobile policy that requires insurers to offer UM/UIM coverage. The *Hillyer* court noted that the homeowner's policies at issue expressly insure against property damage to the personal property owned by the insured and, under certain circumstances, against personal liability for bodily injury or property damages, but the policies expressly exclude automobile coverage. *Id.* at 265-66. The exclusions, however, do not apply to residence-employees injured in the scope of their employment. *Id.* at 266. The insureds argued that, as in *Selander*, the policies should be considered automobile policies because they could cover injuries to a residence-employee suffered while driving an automobile. *Id.* The court rejected that argument and extended the reasoning in *Davidson* to the policies at issue. *Id.* at 267. The court noted that the motor vehicle coverage in the policies is incidental because coverage of the motor vehicles was "remote from and insignificant to the type of overall coverage the policy provided." *Id. See also Zabukovec v. GRE Ins. Group*, 2002 WL 1964777 (Ohio Ct. App. Aug. 23, 2002) (finding that a policy that excluded automobile liability coverage generally, but provided coverage for use of motor vehicle by a residence employee was not an automobile liability policy and, thus, not subject to O.R.C. § 3937.18); *Davis v. Shelby Ins. Co.*, No. 78610 (Ohio Ct. App. June 14, 2001) (holding that a "resident

employee exception" does not convert a homeowner's policy into an automobile policy).

The education liability policy in question expressly insures against liability for damages resulting from claims made against the school district. The policy, however, expressly excludes claims relating to motor vehicles. The policy makes very limited exceptions to the motor vehicle exclusion for "on premises" use of certain vehicles including golf carts, tractors, and vehicles used in vocational technical classes. An exception is also made for training and supervision activities relating to drivers and driver's aides and for employees who are "loading and unloading" an "automobile." In *Davidson*, the Ohio Supreme Court recognized the need to give effect to the intent of the parties when determining whether a policy is a motor vehicle policy. 744 N.E.2d at 718. According to *Davidson*, "[c]ommon sense alone dictates that neither the insurer or the insured bargained for or contemplated that homeowner's insurance would cover personal injuries arising out of an automobile accident that occurred on a highway away from the insured's premises." *Id.* at 719 (quoting *Cincinnati Indemn. Co. v. Martin*, 710 N.E.2d 677, 680 (Ohio 1999)). Here, the coverage involving motor vehicles, or of activities relating to motor vehicles, is remote from and insignificant to the type of overall coverage provided by the policy. "The mere fact that a policy provides coverage for [some] motorized vehicles does not convert the policy into a motor vehicle liability policy." *Id.* at 718. Accordingly, we find that the education liability policy at issue is not an automobile liability policy for the purpose of O.R.C. § 3937.18.

## IV.

For the foregoing reasons, we affirm the district court's decision granting summary judgment in favor of Wausau under the education liability policy. We reverse the district court's decision granting summary judgment in favor of

Henry under the business automobile liability policy, and we remand the case with instructions to grant summary judgment in favor of Wausau on that issue.