**Wayne E. KNIGHT and Karen Knight,**
**Plaintiffs–Appellants,**

v.

**RAM NATIONWIDE, INC.,**
**Defendants–Appellees.**

No. 03–5439.

United States Court of Appeals,
Sixth Circuit.

June 4, 2004.

David C. Lee, J.D. Lee Law Office, Knoxville, TN, for Plaintiffs–Appellants.

Ida E. Bond, James H. London, Jason H. Long, London, Amburn & Lloyd, Knoxville, TN, for Defendant–Appellee.

Before GIBBONS and COOK, Circuit

Judges; and OLIVER, District Judge.*

GIBBONS, Circuit Judge.

On July 31, 1996, a multi-vehicle automobile accident occurred in Campbell County, Tennessee. Plaintiff-appellant Wayne E. Knight sustained injuries as a result of the accident. He and his wife, plaintiff-appellant Karen Knight, filed this diversity suit against defendant-appellee Ram Nationwide. Inc. ("Ram") in the United States District Court for the Eastern District of Tennessee, alleging that one of Ram's employees was responsible for the accident and for Knight's injuries. The district court concluded that the suit is barred by the applicable Tennessee statute of limitations and granted summary judgment for Ram, which the Knights appeal. For the following reasons, we affirm the district court's grant of summary judgment to Ram.

### I.

In 1997, the Knights filed a diversity suit against Ram and others in federal district court, asserting numerous personal injury claims under Tennessee law for losses arising from the accident. Ram filed a motion to dismiss the suit under the doctrine of *forum non conveniens*. which was granted on December 11, 1997. The Knights subsequently filed their claims against Ram in Tennessee state court on December 22, 1997. On October 1, 2002, the state court dismissed the case without prejudice upon the Knights' motion. Prior to this dismissal, the Knights filed the instant diversity action against Ram on September 27, 2002, in the district court asserting the same claims.

Ram filed a motion for summary judgment on the ground that the Knights'

claims were barred by the applicable Tennessee statute of limitations. The district court agreed and entered summary judgment for Ram. The Knights filed a timely notice of appeal.

### II.

We review a district court's grant of summary judgment *de novo*. *Abbott v. Crown Motor Co.*, 348 F.3d 537, 539 (6th Cir.2003). As this case is before us under diversity jurisdiction, the substantive law of the forum state—in this case. Tennessee—controls. *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir.2003). Tennessee's statutes of limitation apply because such provisions are considered substantive law in federal diversity cases. *See Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir.1992). In applying Tennessee law. we are bound by controlling decisions of the Tennessee Supreme Court. *See Henry v. Wausau Bus. Ins. Co.*, 351 F.3d 710, 713 (6th Cir.2003).

Ordinarily, personal injury claims under Tennessee law must be filed within one year of the accrual of the cause of action. *See* Tenn.Code Ann. § 28–3–104. However, "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action ..., the plaintiff ... may, from time to time, commence a new action within one (1) year." Tenn.Code Ann. § 28–1–105(a).

The parties agree that the Knights filed their original federal action within one year of the accrual of their personal injury claims, which was the date of the accident—July 31, 1996. This original federal action was dismissed without prejudice by the district court on December 11, 1997.

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Pursuant to § 28–1–105(a), the Knights had one year from this date to re-file their claims. They did so on December 22, 1997, in state court. The state court dismissed that suit without prejudice upon the Knights' motion on October 1, 2002. By that time, the Knights had already filed the instant case on September 27, 2002, in the district court.[1] The court granted summary judgment to Ram. reasoning that—since their second suit of December 22, 1997, was not filed within one year of the accident pursuant to § 28–3–104—the Knights did not have one year from the dismissal of that suit to re-file under § 28–1–105(a). Rather, the court determined that the time available to the Knights for refiling expired on December 11, 1998—one year from the dismissal of the first suit, which was the only suit filed within the statute of limitations provided by § 28–3–104.

The Knights argue that because their second suit of December 22, 1997, was timely filed under § 28–1–105(a), the voluntary dismissal of that suit on October 1, 2002, triggered a new one-year filing period under that provision. Section 28–1–105(a) does not grant "a plaintiff the right to file any number of successive suits upon the same cause of action ... just so long as each new action is commenced within one year from the date of the previous nonsuit." *Reed v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.*, 136 Tenn. 499, 190 S.W. 458, 458 (1916). On the contrary, when a suit filed within the applicable statute of limitations is dismissed without prejudice, any subsequent suit based on the same cause of action "must be instituted within one year after the termination" of the first action in order to be timely. *Id.* at 459 (quotation omitted); *see also Creed v. Valentine*, 967 S.W.2d 325, 326 (Tenn.Ct.App.1997) (discussing § 28–1–105 and noting that "[i]t is well-settled that all subsequent suits filed after the first suit is dismissed for any reason not concluding the plaintiff's cause of action must be brought within one year from the first dismissal"); *Hunt v. Shaw*, 946 S.W.2d 306, 307–08 (Tenn.Ct.App.1996) (holding that a third personal injury lawsuit was not timely filed when it commenced more than one year after the first suit was dismissed). Only one exception to this rule exists: "If a second or subsequent suit is filed within the original period of limitations, a party has one year under the saving statute to refile from the date of dismissal of the last suit filed within the applicable statute of limitations." *Creed*, 967 S.W.2d at 326 n. 1.

The case *sub judice* was not brought within one year of the dismissal of the original suit, which was the only suit filed within the one year statute of limitations provided by § 28–3–104. Hence, under *Reed*, the instant suit was not timely filed, and the district court properly granted summary judgment to Ram.

### III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to Ram.

---

1. The Knights contend that, since the instant suit was filed before the timely state court suit was dismissed, their claims have been pending continuously and are therefore not barred by any statute of limitations. Even though this case was filed while another timely suit based on the same causes of action was pending, its own timeliness still depends on whether it was saved by § 28–1–105(a). *See, e.g., Vandergriff v. Vandergriff*, 106 S.W.3d 682, 687 (Tenn.Ct.App.2003) ("Even though the first lawsuit had not been nonsuited when the second suit was filed, in order to 'save' the second untimely lawsuit, Plaintiff has to rely on [§ 28–1–105(a)].").