Elbert W. CREED, Sr., and Peggy Creed, Plaintiffs–Appellants,

v.

Tracy Allen VALENTINE and Swain & Sons Transport, Inc., Defendant–Appellees.

Court of Appeals of Tennessee, Eastern Section.

Aug. 26, 1997.

Permission to Appeal Denied by Supreme Court April 13, 1998.

Stephen A. Vickers, Bristol, VA, for Plaintiffs–Appellants.

Rick L. Powers, Arnett, Draper & Hagood, Knoxville, for Defendants–Appellees.

## OPINION

McMURRAY, Judge.

This case originated as an action to recover damages for personal injuries allegedly suffered in a motor vehicle accident. The accident occurred on September 23, 1990. The plaintiffs filed their original action on September 20, 1991. A voluntary non-suit was taken April 6, 1993. Plaintiffs refiled their complaint on February 25, 1994, within the time allowed by the "Tennessee Saving Statute," T.C.A. § 28–1–105(a). A voluntary non-suit was taken on the second complaint by order entered on September 27, 1995. A third complaint was filed in April 1996. The plaintiffs moved for a default judgment. The defendants responded with a motion for summary judgment asserting that the statute of limitations had run and that they were entitled to judgment as a matter of law.

Plaintiffs' motion for a default judgment was overruled. Defendants' motion for summary judgment was sustained. We affirm the judgment of the trial court.

The plaintiffs complain that the trial court erred in granting the defendants' motion for summary judgment and denying the plaintiff's motion for summary judgment. They also complain that the trial court erred in interpreting "The Saving Statute," T.C.A. § 28–1–105. We respectfully disagree.

It is well-settled that all subsequent suits filed after the first suit is dismissed for any reason not concluding the plaintiff's cause of action must be brought within one year from the first dismissal.[1]

The Tennessee saving statute, formerly T.C.A. Sec. 28–106, now T.C.A. Sec. 28–1–105, has been considered several times by our courts. It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28–1–105. *See, Reed v. Cincinnati, N.O. & T.P. Railroad Co.*, 136 Tenn. 499, 190 S.W. 458 (1916). While many of the cases deal with consecutive voluntary nonsuits, it is clear from the wording of the statute that its scope is broader than that. T.C.A. Sec. 28–1–105 [now 28–1–105(a)] reads as follows:

> 28–1–105. New action after adverse decision.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The full meaning and intent of this statute was spelled out by Justice Holmes of our Supreme Court in the case of *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800, 805 (1964), when he said:

> Under T.C.A. Sec. 28–106, all actions which may be brought by virtue of that statute must be brought *within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations. ...* (emphasis supplied)

In other words, it makes no difference whether the initial inconclusive dismissal or dismissal not on the merits was a voluntary nonsuit or a dismissal without prejudice for want of prosecution. *Payne v. Matthews*, 633 S.W.2d 494 (Tenn. App.1982) at pages 495 and 496.

---

**1.** This general rule is subject to one exception. If a second or subsequent suit is filed within the original period of limitations, a party has one year under the saving statute to refile from the date of dismissal of the last suit filed within the applicable statute of limitations.

■ Therefore, in this case, the failure to bring the third action within one year from the original dismissal results in this case being time barred.

We will next look to the propriety of the trial court's action in refusing to grant a motion for default judgment. We first note that the defendants' motion for summary judgment was filed before the hearing on the motion for default judgment.[2]

■ Rule 55.01, Rules of Tennessee Procedure, provides that when a party against whom a judgment for affirmative relief is sought, "has failed to plead *or otherwise defend* as provided by these rules ... judgment by default may be entered...." (Emphasis added). Rule 12.01 provides that "a defendant shall serve an answer within thirty (30) days after the service of a summons or complaint upon him, except where otherwise provided in these rules...." We find and hold that a Motion for Summary Judgment filed in accordance with Rule 56, Tennessee Rules of Civil Procedure is a sufficient pleading to preclude a default judgment. Plaintiffs further argue that a motion for summary judgment is not a proper pleading to present the defense of the statute of limitations. We respectfully disagree. In support of their argument, plaintiffs rely on *Usrey v. Lewis,* 553 S.W.2d 612 (Tenn.App. 1977) and *Thompson v. Bowlin,* 765 S.W.2d 743 (Tenn.App.1987). We find these cases to be inapposite. "Generally speaking, a defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may establish an affirmative defense, such as the statute of limitations, that defeats the claim." *Allied Sound, Inc. v. Neely,* 909 S.W.2d 815 (Tenn.App. 1995).

We affirm the judgment of the trial court in all respects. Costs of this appeal are assessed to the appellant and this case is remanded to the trial court.

GODDARD, P.J., and SUSAN, JJ., concur.

---

2. The motions for default judgment and for summary judgment were heard at the same time.