IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2002 Session

## LILLARD ANTHONY WATTS v. THE KROGER COMPANY

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-007084-00     The Honorable Rita L. Stotts, Judge**

---

**No. W2001-01834-COA-R3-CV - Filed July 9, 2002**

---

This is a personal injury case dismissed by the trial court as barred by the statute of limitation because it was filed more than one year after the first voluntary nonsuit. Plaintiff filed a motion to alter or amend the order of dismissal pursuant to Tenn. R. Civ. P. 59.04 and also filed a Tenn. R. Civ. P. 60.02 motion to set aside the orders of nonsuit as invalid. The trial court denied both motions, and plaintiff has appealed. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY KIRBY LILLARD, J., joined.

Harry U. Scruggs, Jr., Memphis, For Appellant, Lillard Anthony Watts

D. Scott Turner, Memphis, for Appellee, The Kroger Company

**OPINION**

Plaintiff-appellant, Lillard Anthony Watts, appeals the order of the trial court dismissing his complaint against the Kroger Company. Plaintiff's complaint alleges that on or about December 19, 1990, he was a customer in the defendant's grocery store in Memphis, Shelby County, Tennessee, when he stepped upon an unexpected slippery substance on the floor and was caused to fall, sustaining serious personal injuries. Plaintiff filed suit on November 18, 1991 in circuit court under docket number 42510-4 T.D.[1] This case was dismissed by order of voluntary nonsuit entered March 20, 1997. Suit was again filed in circuit court on December 22, 1997 under docket number 92080-2

---

[1] The record appears to establish this is the correct docket number. Although there are references to 42516-4 T.D., there is no discrepancy concerning the dates of the dismissals.

T.D., and an order of voluntary nonsuit of this action was entered December 6, 1999. Plaintiff was represented by counsel in both of these cases.

The complaint in the instant action was filed by plaintiff acting *pro se* on December 6, 2000, and on January 11, 2001, the defendant filed a motion to dismiss the action pursuant to the statute of limitations. The trial court granted the motion by order entered March 22, 2001, and on April 4, 2001, plaintiff, again acting *pro se*, filed a motion to alter or amend the judgment pursuant to Tenn.R.Civ.P. 59.04. On May 30, 2001, while the Rule 59.04 motion was still pending, plaintiff, still acting *pro se*, filed a "Motion in Relief of Judgment and to Void Nonsuits," which states:

> Comes now the Plaintiff Lillard Anthony Watts, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, and moves this Honorable Court to relieve him from the judgment granted against him by sitting it aside on grounds that the judgment was a result of "mistake, inadvertence, surprise, or excusable neglect" due to (1) lack of validity of a first Order of Nonsuit which lacked the consent and the signature of the Plaintiff's then attorney Lynn Cobb and which was unknown to Plaintiff's attorney Lynn Cobb, who has so testified by affidavit; and due to (2) lack of validity of a second Order of Nonsuit because Plaintiff's second attorney Mark Pittman without Plaintiff's approval or knowledge allowed Defendant's attorney Scott Turner to file the second Order of Nonsuit and to sign Pittman's name in violation of Rule 60.02 of the Tennessee rules of Civil Procedure; and therefore Plaintiff also moves this Honorable Court to void both nonsuits.

Sometime subsequent to the filing of Plaintiff's motions, he again became represented by counsel who represented plaintiff at the hearing on the motions and is counsel for plaintiff-appellant in this appeal.

We first note that plaintiff's 60.02 motion apparently is seeking relief in two situations. It appears that he is applying the 60.02 motion to the trial court's order dismissing his current action. In this regard, a 60.02 motion will not lie, because a 60.02 motion is applicable *only* to final judgments. *See Campbell v. Archer*, 555 S.W.2d 110, 112 (Tenn. 1977); *Henson v. Diehl Machines, Inc.,* 674 S.W.2d 307, 310 (Tenn. Ct. App. 1984). Plaintiff had previously filed a 59.04 motion to alter or amend the court's order, and this motion was pending at the time, thus, the order of dismissal was not a final judgment. The 60.02 motion can also be construed to seek 60.02 relief in the setting aside of the two nonsuits. The motion specifically seeks relief pursuant to Rule 60.02 (1) stating the reason "mistake, inadvertence, surprise, or excusable neglect; . . . ." Rule 60.02 (1). As noted, the cause of action accrued on December 19, 1990, and suit was timely filed on November 18, 1991. The action was voluntarily nonsuited on March 20, 1997, and suit was refiled on December 22, 1997. This action was voluntarily nonsuited by order entered December 6, 1999. The Rule 60.02 motion was filed May 30, 2001. The rule states: "The motion shall be made within a

reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order, or proceeding was entered or taken." Tenn.R.Civ.P. 60.02. Although plaintiff asserts on appeal that he had no knowledge of the previous nonsuits when they were taken, it is quite clear that as of December 6, 2000, when he filed his *pro se* complaint, he had full knowledge of the date that the nonsuits were taken. Therefore, the Rule 60.02 motion filed May 30, 2001 was untimely, and the trial court properly denied relief thereunder. ***See Holiday v. Shoney's South, Inc.***, 42 S.W.3d 90, 93 (Tenn. Ct. App. 2000).

Even if plaintiff's Rule 60.02 motion had been timely filed, there is absolutely nothing in the record to support plaintiff's argument that the two nonsuits were void.[2] The court records establish that plaintiff was represented by counsel, voluntary nonsuits were taken and duly noted on the court record, and there is nothing in this record to place those proceedings in controversy.

In *Creed v. Valentine*, 967 S.W.2d 325 (Tenn. Ct. App. 1997), this Court, in the application of the savings statute, T.C.A. § 28-1-105, stated:

> It is well-settled that all subsequent suits filed after the first suit is dismissed for any reason not concluding the plaintiff's cause of action must be brought within one year from the first dismissal.[1]
>
> The Tennessee saving statute, formerly T.C.A. Sec. 28-106, now T.C.A. Sec. 28-1-105, has been considered several times by our courts. It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28-1-105. ***See, Reed v. Cincinnati, N.O. & T.P. Railroad Co.***, 136 Tenn. 499, 190 S.W. 458 (1916). While many of the cases deal with consecutive voluntary nonsuits, it is clear from the wording of the statute that its scope is broader than that. T.C.A. Sec. 28-1-105 [now 28-1-105(a)] reads as follows:

> > **28-1-105. New action after adverse decision.**
> > -- If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the

---

[2] Plaintiff relies on the affidavit of Lynn Cobb asserting that the first nonsuit was taken without his knowledge or authority. While the affidavit states that Mr. Cobb represented plaintiff in the lawsuit, it very clearly states that Mr. Cobb withdrew as attorney, Mr. Watts obtained another attorney, and that Mr. Cobb did not announce a voluntary nonsuit "as I did not represent Mr. Watts at that time."

plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The full meaning and intent of this statute was spelled out by Justice Holmes of our Supreme Court in the case of ***Balsinger v. Gass,*** 214 Tenn. 343, 379 S.W.2d 800, 805 (1964), when he said:

Under T.C.A. Sec. 28-106, all actions which may be brought by virtue of that statute must be brought <u>within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations</u>.... (emphasis supplied)

In other words, it makes no difference whether the initial inconclusive dismissal or dismissal not on the merits was a voluntary nonsuit or a dismissal without prejudice for want of prosecution.

***Payne v. Matthews***, 633 S.W.2d 494 (Tenn. Ct. App. 1982) at pages 495 and 496.

[1] This general rule is subject to one exception. If a second or subsequent suit is filed within the original period of limitations, a party has one year under the saving statute to refile from the date of dismissal of the last suit filed within the applicable statute of limitations.

967 S.W.2d at 326.

Accordingly, plaintiff's third action brought more than one year after the dismissal of the first action is time barred. Therefore, the order of the trial court dismissing plaintiff's action is affirmed, and this case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against plaintiff-appellant, Lillard Anthony Watts, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.