IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 12, 2004 Session

## SUSAN SIMMONS, ET AL. v. STATE FARM GENERAL INSURANCE COMPANY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000617-03     Robert Childers, Judge**

---

**No. W2003-02643-COA-R3-CV - Filed November 24, 2004**

---

Homeowner's insurance policyholders filed a complaint against an insurance carrier seeking benefits under policy and a declaratory judgment that policy language was ambiguous. Homeowners filed a motion seeking certification as a class action. The insurance carrier filed a motion for summary judgment, asserting that plaintiff Beckwith's claim for benefits was time barred and plaintiff Simmons's claim was non-justiciable. The insurance carrier filed separate motions to stay discovery and defer the class certification hearing until after the hearing on the motion for summary judgment, which the trial court granted. The trial court granted the insurance carrier summary judgment against all plaintiffs, thereby disposing of the class certification issue. Homeowners appeal from the order granting summary judgment. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

P. Mark Ledbetter, Memphis, Tennessee, for the appellants, Susan Simmons and Corrine Beckwith, and as a representative of a Class of Homeowners' Policyholders of State Farm Fire & Casualty Company.

George T. Lewis, III and Thomas F. Barnett, Memphis, Tennessee, for the appellees, Sate Farmer General Insurance Company, Sate Farm Fire & Casualty Company, State Farm Mutual Automobile Insurance Company.

# OPINION

## *Facts and Procedural Background*

Plaintiffs/Appellants Susan Simmons ("Ms. Simmons") and Corrine Beckwith ("Ms. Beckwith," or, collectively with Ms. Simmons, "the Plaintiffs") maintained homeowner's insurance with Defendant/Appellee State Farm Fire and Casualty Company ("State Farm") under State Farm's Form FP7955 KT "all risks" homeowner's insurance policy (the "FP7955 KT policy"). The Plaintiffs allege that over 300,000 Tennessee residents are insured under the FP7955 KT policy.

In early September 2000, Ms. Beckwith discovered cracks in her walls and ceilings, as well as dampness in her bedroom carpet. Upon further investigation, Ms. Beckwith discovered that the damage was caused by a leak in a pressurized water pipe inside her home. On September 11, 2000, Ms. Beckwith contacted her State Farm agent, Chuck Petrey, who, according to Ms. Beckwith's deposition testimony, informed her that her insurance policy would not cover the type of loss she sustained. Ms. Beckwith hired a structural engineer who opined that the leak had existed for a substantial period of time, eroding the ground beneath her home and causing the foundation to settle. At her own expense, Ms. Beckwith hired servicemen to perform remedial work on the foundation and complete other repairs to her home. Ms. Beckwith did not contact State Farm again about her claim until March 2002, some eighteen months after Ms. Beckwith discovered the damage. On March 22, 2002, after inspecting Ms. Beckwith's home, State Farm mailed a letter to Ms. Beckwith informing her that her policy would not cover the type of loss she sustained.

On September 9, 2002, the Plaintiffs filed their Complaint for Declaratory and Other relief, Request for Certification as a Class Action and a Speedy hearing Under Rule 57, T.R.C.P. In the complaint, Ms. Beckwith sought recovery from State Farm for the damage to her home, which she alleged was covered under the FP7955 KT policy. Ms. Simmons joined in this action to serve as class representative and sought a declaratory judgment construing various provisions of the FP7955 KT policy. Unlike Ms. Beckwith, Ms. Simmons did not allege any loss. In their complaint, the Plaintiffs sought a declaratory judgment on behalf of themselves and other FP7955 KT policyholders that the policy language State Farm relied upon in denying coverage was deceptive, confusing, and ambiguous and, therefore, should be construed against State Farm. Additionally, in their complaint, the plaintiffs sought certification as a class action on behalf of over 300,000 FP7955 KT policyholders in Tennessee.

On September 25, 2002, State Farm filed an Objection to Class Certification, asserting that this action was not an appropriate matter for class certification and requesting a hearing. On September 30, 2002, State Farm filed its answer, wherein it asserted that the Plaintiffs were barred from recovery for "fail[ure] to comply with conditions to coverage set forth in the policy." Contemporaneous with the filing of its answer, State Farm filed a motion for summary judgment asserting that the FP7955 KT policy did not provide coverage for the individual plaintiffs' alleged losses. In support of its motion for summary judgment, State Farm contended that Ms. Beckwith's claim was contractually time-barred because she failed to initiate this lawsuit within one year from

the date of loss, as required under the limitations provision in her policy. With regards to Ms. Simmons's claim, State Farm asserted that her claim for declaratory judgment was non-justiciable because she had not alleged any loss.

On November 7, 2002, the Plaintiffs filed a motion to certify this case as a class action. Soon thereafter, the Plaintiffs served discovery requests upon State Farm in the form of interrogatories, requests for admissions, and requests for production of documents. On December 16, 2002, State Farm provided responses to the Plaintiff's discovery requests. In its discovery responses, State Farm objected to many of the Plaintiff's requests, asserting that the discovery requests were exceedingly broad, unduly burdensome, and were relevant only to issues related to class certification. Meanwhile, State Farm filed a motion to defer the hearing on the Plaintiffs' class certification motion until after the hearing on State Farm's summary judgment motion. After a hearing[1] on State Farm's motion to defer, the trial court granted State Farm's motion and deferred the Plaintiff's motion for class certification until after a hearing on State Farm's motion for summary judgment. On January 6, 2003, the Plaintiffs filed a motion to compel State Farm to provide more complete answers to the Plaintiffs' previous discovery requests. The trial court, however, issued an order staying discovery until resolution of State Farm's motion for summary judgment, finding that the Plaintiffs' requested discovery "w[ould] have little, if any, bearing upon the issues raised in [State Farm's motion for summary judgment]."

The trial court granted State Farm summary judgment, finding that Ms. Beckwith's claim was time-barred and Ms. Simmons claim was non-justiciable. In its order, the trial court stated that "[summary judgment was] granted as to all Plaintiffs and all claims." Thus, the trial court dismissed the entire case with prejudice because the summary judgment ruling "dispose[d] of all the issues in the case."

The Plaintiffs appealed the trial court's order granting summary judgment and have presented the following issues, as we perceive them, for our review:

(1)     Whether the trial court erred in granting summary judgment prior to a ruling on class certification;

(2)     Whether the trial court erred in staying discovery until the hearing on the motion for summary judgment; and

(3)     Whether the trial court erred in granting summary judgment to State Farm on the grounds that Ms. Beckwith's claim was time-barred and Ms. Simmons had not alleged any loss, thereby rendering her claim non-justiciable.

---

[1]The record on appeal does not contain transcripts from any hearings or other proceedings held in the trial court.

## Standard of Review

A trial court's conclusions on issues of law are reviewed *de novo* with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). We review a trial court's decision on a motion for class certification under Rule 23 of the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 23 (2004). In general, trial courts have broad discretion in determining whether a matter should proceed as a class action. *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 637 (Tenn. 1996). With regard to a trial court's decisions regarding discovery issues, this Court must review those decisions under an abuse of discretion standard of review. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact, and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04 (2004); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party moving for summary judgment must affirmatively negate an essential element of the nonmoving party's claim or conclusively establish an affirmative defense. *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* In determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach but one conclusion based on the facts and the inferences drawn from those facts. *Id.* We review an award of summary judgment *de novo* with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

### *(1) Timing of Class Certification Decision*

Turning to the first issue raised on appeal, the Plaintiffs argue that it was error for the trial court to grant summary judgment prior to a ruling on class certification. In this case, the Plaintiffs sought class certification in the complaint itself and by a subsequently filed motion for class certification. The trial court, however, deferred the class certification ruling until after a hearing on State Farm's motion for summary judgment. The trial court granted State Farm summary judgment against the individual plaintiffs' claims, thereby rendering the class certification issue moot.

The Plaintiffs contend that, by granting State Farm summary judgment against the named, individual plaintiffs and, thus, "mooting" the class action, the trial court violated the spirit of Rule 23.03 of the Tennessee Rules of Civil Procedure. Rule 23.03 provides, in relevant part, "[a]s soon as practicable after the commencement of an action brought as a class action, . . . the court shall determine by order whether the action is to be so maintained. An order under this section may be conditional and may be altered or amended before the decision on the merits." Tenn. R. Civ. P. 23.03(1). The Plaintiffs cite Rule 23.03 for the proposition that a class certification determination must always be considered prior to a merits adjudication or hearing on a dispositive motion.

-4-

Under Rule 23.03(1), the trial court must determine class certification "at an early practicable time." Tenn. R. Civ. P 23.03(1). This indefinite language prescribing the timing of certification decisions is purposefully imprecise because it is intended to provide the courts latitude in making class certification determinations. 5 James Wm. Moore et al., Moore's Federal Practice § 23.81[1] (3d ed. 2004). In general, federal courts[2] allow rulings on dispositive motions prior to a class certification determination. *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) ("We have consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of the case."); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (holding that where the merits of a party's claim can be disposed of by summary judgment, the timing of the disposition of motions for class certification and summary judgment is within the discretion of the court); *accord Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998); *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997); *Floyd v. Bowen*, 833 F.2d 529, 534–35 (5th Cir. 1987). Other authorities likewise agree that, under appropriate circumstances, "precertification rulings on threshold dispositive motions are proper." Manual for Complex Litigation (Fourth) §21.133 (2004) ("The court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification; however, such rulings bind only the named parties."); *see also* Robert Banks Jr. & June F. Entman, Tennessee Civil Procedure § 6-10(q) (2d ed. 2004) ("The [class certification] decision may be delayed pending determination of a defendant's motion challenging the plaintiff's individual claim, which, if granted, may render the class certification issue moot."). Relying on the foregoing authorities, we conclude that the trial court did not abuse its discretion in deferring the class certification decision until after a hearing on State Farm's motion for summary judgment.

### *(2) Order Staying Discovery Until After Hearing on Motion for Summary Judgment*

As an outgrowth to their first issue, the Plaintiffs claim that the trial court abused its discretion by issuing an order staying further discovery until after the hearing on State Farm's motion for summary judgment. In their brief to this Court and at oral argument, the Plaintiffs failed to illustrate how the requested discovery would assist them in responding to State Farm's motion for summary judgment. Moreover, the Plaintiffs asserted in their brief to this Court that the requested discovery was "in aid of the declaratory judgment and property damage aspects of the case, including discovery of the author of the FP7955 policy[,] prior litigation involving State Farm[,] and this form policy." In its order staying discovery, the trial court stated that the discovery requested by the plaintiffs would have "little, if any, bearing upon the issues raised in [State Farm's motion for summary judgment]." From our review of the record, it appears that the Plaintiffs' requested discovery related solely to issues relevant only to the declaratory judgment class action. Therefore, because the requested class-based discovery would not have aided the Plaintiffs in their opposition

---

[2] Because Rule 23 of the Tennessee Rules of Civil Procedure "substantially mirrors the Federal Rules governing class actions[,] . . . we draw upon [f]ederal case law as persuasive authority in our analysis. *Carson v. DaimlerChrysler Corp.*, No. W2001-03088-COA-R3-CV, 2003 WL 1618076, at *3 n.3 (Tenn. Ct. App. Mar. 19, 2003) (*no perm. app. filed*).

to the summary judgment motion, we conclude that the trial court acted within its discretion in staying discovery pending the resolution of State Farm's motion for summary judgment.

### (3) Summary Judgment

Finally, the Plaintiffs argue that the trial court erred in granting summary judgment. The Plaintiffs contend that a genuine issue of material fact exists as to whether State Farm waived or should be estopped from asserting the defense that Ms. Beckwith's claim was contractually time-barred. In support of their waiver argument, the Plaintiffs assert that the contractual limitations provision is an affirmative defense that, under Rules 8.03 and 12.08 of the Tennessee Rules of Civil Procedure, must be raised in its answer or deemed to be waived. The Plaintiffs argue that State Farm failed to adequately plead this defense because, instead of specifically pleading that Ms. Beckwith was barred for failure to bring her claim within one year from the date of loss, State Farm pled that Ms. Beckwith failed to comply with conditions to coverage, as set forth in the policy.

In its answer, State Farm raised the following defense:

Based upon the allegations of the Complaint, one or more of the Plaintiffs failed to comply with conditions to coverage set forth in the policy which is incorporated in the Complaint. Defendants reserve, therefore, the right to argue that Plaintiffs' failure to comply with policy requirements, voids any coverage which may have otherwise existed, although Defendants vigorously dispute that any coverage exists.

The contractual limitations provision is provided under the section of the policy titled "Conditions," wherein it states that "[t]he [suit against State Farm] must be started within one year after the date of loss or damage."

The Plaintiffs argue that, by pleading conditions to policy coverage in broad, general terms, State Farm failed to adequately raise the affirmative defense of the one year contractual limitations provision. Rule 8.03 of the Tennessee Rules of Civil Procedure states that "a party shall set forth affirmatively facts in short and plain terms relied upon to constitute . . . an avoidance or affirmative defense."[3] Tenn. R. Civ. P. 8.03. We are mindful of the general rule that an affirmative defense must be pled in the first responsive pleading or it is waived. *Steed Realty v. Oveisi*, 823 S.W.2d 195, 197 (Tenn. Ct. App. 1991). However, assuming *arguendo* that State Farm failed to specifically plead the one year contractual limitations provision in its answer, it does not necessarily follow that the defense is waived. In *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995), the Tennessee Supreme Court stated that "it is well settled that failure to [specifically plead a statute of limitations defense] does not result in a waiver of the defense if the opposing party is given fair notice of the defense and

---

[3]By its terms, the list of affirmative defenses set forth in Rule 8.03 is a non-exclusive list. Although "contractual limitations" is not expressly listed, the affirmative defense of statute of limitations is provided. Other potential affirmative defenses not listed in Rule 8.03 include conditions subsequent, non-performance of conditions precedent, and terms of the agreement. 3 Tenn. Practice § 8:6 (3d ed. 2000).

an opportunity to rebut it." *Id*. Here, even if the Plaintiffs were not put on notice by State Farm's answer, State Farm's memorandum in support of their motion for summary judgment, filed on December 26, 2002, clearly provided fair notice to the Plaintiffs of State Farm's intention to assert the contractual limitations provision. Considering that the summary judgment hearing was held July 25, 2003, the Plaintiffs had sufficient opportunity to prepare for State Farm's defense. Moreover, in *Creed v. Valentine*, 967 S.W.2d 325, 327 (Tenn. Ct. App. 1997), this Court noted that "'[g]enerally speaking, a defendant moving for summary judgment may avail itself of one of two avenues: it may negate an essential element of the nonmoving party's claim, or it may establish an affirmative defense, such as the statute of limitations, that defeats the claim.'" *Id*. (quoting *Allied Sound, Inc. v. Neely*, 909 S.W.2d 815 (Tenn. Ct. App. 1995)). Therefore, we find Ms. Beckwith's waiver argument without merit.

Concluding that State Farm's affirmative defense was properly raised, we turn to the issue of whether the trial court properly granted State Farm summary judgment as to Ms. Beckwith's individual claim. In her deposition testimony and in State Farm's statement of undisputed facts, Ms. Beckwith concedes that, on September 11, 2000, she knew that State Farm was denying coverage for the damage to her home. Ms. Beckwith filed her complaint against State Farm on September 9, 2002, nearly two years later. Therefore, it is irrefutable that Ms. Beckwith's claim was no longer viable because she failed to bring this action within one year from the date of loss.[4] Thus, we affirm the trial court's order granting summary judgment as to Ms. Beckwith's claim.

With regard to Ms. Simmons's prayer for declaratory judgment, the trial court granted summary judgment in favor of State Farm because Ms. Simmons had alleged no loss, and, therefore, her claim was non-justiciable. The Plaintiffs argue that a declaratory judgment action is the appropriate device for determining Ms. Simmons's and all other FP7955 KT policyholders' contractual rights, despite the fact that none has alleged any loss or claimed to have been denied rights based on the policy exclusions. The Plaintiffs further argue that section 29-14-104 of the Tennessee Code expressly authorizes the courts to construe contract rights prior to a breach[5] and that Tennessee's rules governing class actions contemplate declaratory relief as proper.

On its face, section 29-14-104 allows courts to construe contracts "either before or after there has been a breach." Tenn. Code Ann. § 29-14-104. However, courts have consistently interpreted the Declaratory Judgment Act to extend only to present, actual, and non-theoretical controversies. *Miller v. Miller*, 261 S.W. 965, 966–72 (Tenn. 1924); *Campbell v. Sundquist*, 926 S.W.2d 250, 256–57 (Tenn. Ct. App. 1996). In 2000, the Tennessee Supreme Court restated the limits on the role of the declaratory judgment as follows:

---

[4]In their briefs to this Court, both parties discuss in great detail the effect of Ms. Beckwith's failure to file a "Proof of Loss" within sixty days of the time of damage, as required under the policy. Because the record shows that Ms. Beckwith's claim is clearly time-barred for failure to bring this action within the contractual limitations period, it is unnecessary for us to discuss the effect of Ms. Beckwith's failure to file a "Proof of Loss."

[5]Section 29-14-104 provides that "[a] contract may be construed either before or after there has been a breach thereof." Tenn. Code Ann. § 29-14-104 (2000).

[A] declaratory judgment action cannot be used by a court to decide a theoretical question, render an advisory opinion which may help a party in another transaction, or "allay fears as to what may occur in the future[.]" *Super Flea Mkt. of Chattanooga v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984). Thus, in order to maintain an action for a declaratory judgment a justiciable controversy must exist. For a controversy to be justiciable, a real question rather than a theoretical one must be presented and a legally protectable interest must be at stake. If the controversy depends upon a future or contingent event, or involves a theoretical or hypothetical state of facts, the controversy is not justiciable. If the rule were otherwise, the "courts might well be projected into the limitless field of advisory opinions." *Story v. Walker*, 404 S.W.2d 803, 804 (Tenn. 1966).

*State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000) (citations omitted).

In this case, by way of declaratory judgment, Ms. Simmons and the other prospective class plaintiffs essentially are asking this Court to determine whether the FP7955 KT policy would provide coverage should her home be damaged in the future. She admittedly has never suffered any damage to her home and has never filed a claim with State Farm. It is beyond this Court's power to declare, based on a hypothetical statement of facts, whether the insurance policy at issue would provide coverage in the event the Plaintiffs ever suffer damage to their home. To do so would amount to this court issuing an advisory opinion. Therefore, we conclude the trial court appropriately granted summary judgment to State Farm as the Plaintiffs' claim for declaratory judgment was non-justiciable.

### Conclusion

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in staying discovery and deferring the class certification determination until after ruling on the motion for summary judgment. We conclude also that the trial court's order granting summary judgment to State Farm was proper. Because we have concluded that the trial court appropriately granted summary judgment, we need not interpret the language of the policy exclusions. Accordingly, the order of the trial court is affirmed. Costs of this appeal are assessed to the Appellants, Susan Simmons and Corrine Beckwith, and their surety, for which execution may issue if necessary.

DAVID R. FARMER, JUDGE