IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 21, 2008 Session

## SHERRIE ENGLER, ET AL. v. KARNES LEGAL SERVICES

**Direct Appeal from the Circuit Court for Madison County**
**No. C-04-475    Roy Morgan, Judge**

**No. W2006-02443-COA-R3-CV - Filed May 29, 2008**

This appeal involves the Tennessee saving statute, Tenn. Code Ann. § 28-1-105. The plaintiffs'
lawsuit was dismissed without prejudice for failure to prosecute when their attorney failed to appear
at a hearing. Three months after the dismissal, the plaintiffs' attorney filed a motion seeking relief
from the order of dismissal, citing the saving statute, along with an amended complaint. The trial
court considered the motion under Rule 60 but did not address the applicability of the saving statute.
The court refused to set aside the order of dismissal upon finding that the attorney's failure to attend
the hearing did not constitute excusable neglect. The plaintiffs appeal. We reverse and remand for
further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and
Remaned**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and
HOLLY M. KIRBY, J., joined.

Gregory W. Minton, Medina, TN, for Appellants

Lanis L. Karnes, Marlene Simpson, Jackson, TN, for Appellee

**OPINION**

# I. FACTS & PROCEDURAL HISTORY

On November 18, 2004, Sherrie and Eric Engler filed a complaint against Karnes Legal Services in Madison County Circuit Court. The Englers alleged that an unleashed German Shepherd dog ran onto the Englers' property toward Mrs. Engler and her leashed dog, resulting in injuries to Mrs. Engler when her dog "jerked her arm" and caused her to fall. The Englers alleged that Karnes Legal Services was the legal owner of the mobile home located next to the Englers' mobile home, and that someone working on the defendant's property owned the unleashed German Shepherd dog. The Englers claimed that Karnes Legal Services was liable for the negligence of its employee pursuant to the doctrine of respondeat superior. They sought damages for personal injuries in the amount of $150,000, and $100,000 in damages for loss of consortium.

On January 19, 2005, attorney Lanis Karnes filed a motion to dismiss by special appearance on behalf of Karnes Legal Services, asserting lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. The motion stated that the plaintiffs' claim was "legally baseless because it is filed against the wrong party," as Karnes Legal Services owned no property and had no employee with a German Shepherd dog.

On February 17, 2006, the defendant set the motion to dismiss to be heard on docket call day, February 24, 2006, and faxed notice of the hearing to the Englers' attorney. On February 24, the Englers' attorney appeared and orally moved for a continuance. The trial judge reset the hearing date for March 13, 2006, and the judge reminded the Englers' attorney that he had not responded to the motion to dismiss that was filed thirteen months earlier.

At the March 13, 2006 hearing, Ms. Karnes was present on behalf of Karnes Legal Services, but no one appeared on behalf of the Englers. Ms. Karnes informed the trial judge that she had personally reminded the Englers' attorney of the hearing by telephone on the previous Friday. Ms. Karnes then moved to dismiss for lack of prosecution, and the trial judge dismissed the case *without prejudice* for failure to prosecute.

On June 22, 2006, counsel for the Englers filed a "Motion for Relief from Judgment of Dismissal and for Leave of Court to Amend Complaint." The motion stated that the Englers' attorney failed to appear at the hearing because of a problem with his computerized calendar, and it sought relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure for mistake or excusable neglect. In addition, the motion sought relief under the "saving statute," stating the following:

> Also, since this Honorable Court dismissed this lawsuit "without prejudice", Plaintiffs are entitled to renew the litigation pursuant to T.C.A. § 28-1-105 which provides:
>
> New action after adverse decision. – If the action is commenced within the time limited by a rule or

statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Under the circumstances, this Honorable Court should set aside its judgment of dismissal and allow Plaintiffs to resume the litigation.

The Englers' motion sought permission to file an amended complaint, and they attached their proposed amended complaint to the motion. The amended complaint named additional defendants, including Lanis Karnes, Karnes Kustom Kabinets, and Karnes Rental. The Englers argued in their motion that adding the additional defendants was proper pursuant to Rule 15 of the Tennessee Rules of Civil Procedure because the named entities were all alter egos of Lanis Karnes, and they claimed that Lanis Karnes had known of the incident since the original lawsuit was filed.[1] On September 22, 2006, the Englers filed another motion for leave of court to amend the complaint, seeking to add two additional defendants. Ms. Karnes filed a response to the Englers' motion, again by special appearance.

Following a hearing, the trial court entered an order on December 6, 2006, denying the Englers' motion for relief from the judgment, and ruling that their motion to amend the complaint was rendered moot. The order stated that the Englers' attorney's failure to attend the hearing was

---

[1] Rule 15.03 of the Tennessee Rules of Civil Procedure, entitled "Relation Back of Amendments," provides:

Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Englers alleged that Lanis Karnes was the only known principal of the entities named as defendants, and they attached various documents and affidavits to their motion in an attempt to prove that the entities were simply alter egos of Lanis Karnes. For example, they filed the affidavit of an employee at the trailer park where the Karnes and Engler mobile homes were located, which stated that Lanis Karnes leased the lot, but checks from Karnes Legal Services and/or Karnes Rental were used to pay the rent. Other documents stated that the entities shared the same telephone number and address.

not justified and did not constitute excusable neglect pursuant to Rule 60. The Englers timely filed a notice of appeal to this Court.

## II. Issues Presented

The Englers present the following issues, as we perceive them, for review:

1.    Whether the trial court improperly dismissed the case for failure to prosecute when there was no such motion pending before the trial court;
2.    Whether the trial court erred in denying the motion for relief from judgment.

For the following reasons, we reverse the decision of the circuit court and remand for further proceedings.

## III. Standard of Review

We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. Discussion

### A. The Dismissal for Failure to Prosecute

On appeal, the Englers contend that the trial court erred in dismissing their complaint when there was no motion to dismiss for failure to prosecute before the court. We find no merit in this argument because, according to the order of dismissal, "Defendant moved to dismiss for lack of prosecution" after the plaintiff did not appear. In addition, "[i]t is clearly within the power of the Court sua sponte to dismiss for failure to prosecute." *Townsend Scientific Trust v. Food Technology Investors, L.P.*, No. W2005-00835-COA-R3-CV, 2006 WL 47433, at *2 (Tenn. Ct. App. Jan. 11, 2006) (citing *Gen. Transp. Servs. v. Wilson*, 1985 Tenn. App. LEXIS 3395, at *16 (Tenn. Ct. App. Mar. 22, 1985)).

### B. The Motion for Relief from Judgment and for Leave to Amend Complaint

The Englers filed their motion for relief from judgment along with an amended complaint approximately three months after their case was dismissed without prejudice for failure to prosecute. The motion sought relief pursuant to Rule 60 and also under Tennessee Code Annotated section 28-

-4-

1-105.[2] Now generally known as the "saving statute," section 28-1-105 was previously referred to as the "inconclusive dismissal statute." ***McGee v. Jacobs***, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007). "The purpose of the Tennessee savings statute is to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action." ***Cronin v. Howe***, 906 S.W.2d 910, 912 (Tenn. 1995) (citing *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d 910, 913 (Tenn. 1982)). Although many of the cases dealing with the saving statute involve voluntary nonsuits, "it is clear from the wording of the statute that its scope is broader than that." ***Watts v. Kroger Co.***, 102 S.W.3d 645, 647 (Tenn. Ct. App. 2002) (quoting *Creed v. Valentine*, 967 S.W.2d 325 (Tenn. Ct. App. 1997)). "[I]t makes no difference whether the initial inconclusive dismissal or dismissal not on the merits was a voluntary nonsuit or a dismissal without prejudice for want of prosecution." ***Id.*** A new action may be brought within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations. ***Id.***

In this case, then, the Englers could have simply refiled their complaint against Karnes Legal Services within one year of the dismissal without prejudice. Instead, they filed a "Motion for Relief from Judgment of Dismissal and for Leave of Court to Amend Complaint," but seeking relief under the saving statute. Although this was not the usual method of proceeding under the saving statute, we believe the trial court should have allowed the plaintiffs to renew their lawsuit. As stated above, the saving statute is meant "to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action." ***Cronin v. Howe***, 906 S.W.2d 910, 912 (Tenn. 1995). A diligent plaintiff is one whose timely filed complaint puts the defendant on notice that the plaintiff intends to assert his or her legal rights. ***Id.*** (citing *Lee v. Crenshaw*, 622 F.2d 202 (6th Cir. 1980)). The Supreme Court has stated that the language of the saving statute "must be applied according to the spirit of the statute." ***Id.*** at 912-13.

> The statute has not merely letter but a spirit. That spirit is manifested in the history of the statute . . . . It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited.

---

[2] The saving statute provides, in relevant part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105 (2000).

*Cronin*, 906 S.W.2d at 913 (citing *Nashville, C & St. L. Ry. v. Bolton*, 134 Tenn. 447, 184 S.W. 9, 11 (1916)). Tennessee courts have "long been committed to the view that the 'savings statute' is remedial and should be liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intention." ***Id.*** (citing *Kee v. Shelter Ins.*, 852 S.W.2d 226, 228 (Tenn. 1993)). In another case, the Supreme Court again emphasized the purpose of the saving statute and instructed courts to interpret the statute liberally:

> It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal. *Woods v. Palmer*, 496 S.W.2d 474 (Tenn. 1974); *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800 (1964); *Brooksbank v. Roane County*, 207 Tenn. 524, 341 S.W.2d 570 (1960). This rule and its supporting rationale were ably enunciated in *General Accident Fire & Life Assur. Corp. v. Kirkland*, 210 Tenn. 39, 356 S.W.2d 283 (1962), where we stated that:
>
>> Within recent years our Court, as well as the Courts of last resort in other States, has paid more attention to the basic and intrinsic rights of the parties than it has to form, doing justice between the parties in administering the spirit of the law instead of the cold letter of the law. The letter of Section 28-106 T.C.A. [the forerunner to § 28-1-105], as well as the spirit which prompted its enactment, shows that the basic purpose was to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure.
>
> *Kirkland*, 210 Tenn. at 43, 356 S.W.2d at 285.

***Henley v. Cobb***, 916 S.W.2d 915, 916-17 (Tenn. 1996). The broad and liberal purpose of the saving statute "is not to be frittered away by any narrow construction." ***Id.*** at 918.

Keeping these principles in mind, we now turn to the language of the saving statute. It provides that plaintiffs may "commence a new action" within one year of the inconclusive dismissal of a timely filed suit. "An action is commenced by filing a complaint." ***Old Hickory Eng'g & Mach. Co., Inc. v. Henry***, 937 S.W.2d 782, 784 (Tenn. 1996) (citing Tenn. R. Civ. P. 3). In ***Old***

*Hickory*, the plaintiff did not "commence a new action" within the meaning of the saving statute by filing a deficient complaint that did not contain the signature of an attorney or the party.[3]

However, pursuant to Tennessee Code Annotated section 28-1-101, an "action" also "includes motions, garnishments, petitions, and other legal proceedings in judicial tribunals for the redress of civil injuries." In *Frazier v. East Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 928-29 (Tenn. 2001), the Supreme Court looked to this definition of "action" and concluded that "the filing of a motion to amend along with a proposed amended complaint constitutes commencement of a new action within the purview of the saving statute." In that case, the plaintiff had nonsuited one of several defendants, and within a year, filed a motion to amend and proposed amended complaint seeking to re-join the original defendant. *Id.* at 928. The Court stated that the plaintiff's filing of a motion to amend and proposed amended complaint sufficed "to satisfy the 'resuscitative' purpose of the saving statute." *Id.* at 929. In *Woods v. Palmer*, 496 S.W.2d 474, 476 (Tenn. 1973), the Court held that filing a claim against an estate was "equivalent to the commencement of an action" within the meaning of the saving statute. In *Fowler v. Davenport*, No. E2000-02509-COA-R3-CV, 2001 WL 617194, at *1 (Tenn. Ct. App. June 6, 2001), the court noted that the plaintiff in that case had timely filed a "motion to reinstate" his case after it was dismissed without prejudice. The Supreme Court also implied that a "motion to reinstate" could be acceptable under the saving statute in *Henry v. Goins*, 104 S.W.3d 475, 482 (Tenn. 2003), stating, "Had the trial court dismissed the case without prejudice, the parties could have moved to reinstate the case or could have re-filed their claims within the time permitted by the savings statute."

In this case, we conclude that the Englers' motion for relief from the dismissal and to amend the complaint was sufficient to "commence a new action" within the meaning of the saving statute. The Englers could have simply re-filed their complaint without seeking to have the first dismissal set aside. As the Supreme Court noted in *Henley*, 916 S.W.2d at 916-17, the purpose of the saving statute is "to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure."

We express no opinion, however, as to whether the Englers' should be permitted to assert their claims against the additional defendants in their proposed amended complaint pursuant to Rule 15.01 and 15.03 of the Tennessee Rules of Civil Procedure. "The savings statute is not applicable to the claims in a renewed complaint against a party not named as a defendant in the original complaint." *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). If they were not named in the first action, there is nothing to save. However, in a timely second action filed under the saving statute, the same procedural and substantive benefits are conferred upon

_____

[3] The complaint was filed on behalf of a corporation and signed by the corporation's non-lawyer president. *Old Hickory*, 937 S.W.2d at 784. The Court explained that the signing of a pleading by an attorney of record or the party is an essential condition to the validity of a pleading, and a corporation cannot act pro se in a court proceeding nor can it be represented by an officer or other non-lawyer agent. *Id.* at 785-86. Because of the deficiency in the complaint, it was subject to being stricken from the record and did not "commence" the action as required by the saving statute. *Id.* at 786.

the plaintiff that were available to the plaintiff in the first action.  ***Cronin v. Howe***, 906 S.W.2d 910, 913 (Tenn. 1995).  *See, e.g.*,  ***Energy Saving Products, Inc. v. Carney***, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987) (holding that a plaintiff could amend his second complaint to add a claim pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure because he would have been entitled to amend the complaint in the original action); ***Turner***, 827 S.W.2d at 322 (considering whether a plaintiff met the "relation back" requirements of Rule 15.03 to allow him to add a party in his second complaint who was not named in the first).  The Supreme Court has stated that Rule 15.03 applies separately and independently of the Tennessee saving statute. ***Frazier v. East Tenn. Baptist Hosp., Inc.***, 55 S.W.3d 925, 930 (Tenn. 2001).  In order for a party to take advantage of Tennessee Rule of Civil Procedure 15.03, he or she must show:

> (1) that the claim arises out of the same conduct, transaction, or occurrence set forth in its original complaint;
> (2) that the new defendant had notice that the plaintiff had filed suit before the running of the applicable statute of limitations; and
> (3) that the defendant knew or should have known that the plaintiff would have named it as a defendant had it not been for a misnomer or other similar mistake.

***Turner***, 827 S.W.2d at 321-22.  There is insufficient evidence as to these factors in the record, and the trial court should address this issue on remand.

## V.  CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and remand for further proceedings.  Costs of this appeal are taxed to the appellee, Karnes Legal Services, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.