IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs to the Western Section of the Court of Appeals
on March, 30, 2007

**PATRICK MCGEE v. TOMMY JACOBS, ET AL.**

**Direct Appeal from the Circuit Court for Davidson County**
**No. 04C-3553      Hamilton V. Gayden, Jr., Judge**

**No. M2005-01340-COA-R3-CV - Filed on May 18, 2007**

Appellant asserts the circuit court erred by dismissing this action as untimely under the savings statute. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Patrick McGee.

Samuel P. Funk and J. Scott Hickman, Nashville, Tennessee, for the appellees, Tommy Jacobs and Jacobs, Cohen & McCormick, PLLC CPAS.

**OPINION**

The facts relevant to our disposition of this appeal are undisputed. In August 2000, Plaintiff/Appellant Patrick McGee (Mr. McGee) filed a professional malpractice action against Defendants Tommy Jacobs and Jacobs, Cohen & McCormick, PLLC CPAS ("Defendants") in Davidson County General Sessions Court. Mr. McGee stated a claim for malpractice, alleging "failure to secure late filing which resulted in IRS penalties and interest in the amount of $6500." Mr. McGee also sought interest that "continue[d] to accrue." The matter was heard in October 2000, and the general sessions court entered judgment in favor of Defendants.

Mr. McGee filed a timely appeal to circuit court on November 2, 2000. Mr. McGee failed to set the matter for trial within the 45-day limit as set forth in Davidson County Local Rule 20(b), however, and the circuit court dismissed the matter. In February 2001, the circuit court granted Mr. McGee's motion to set aside the order of dismissal and set the matter to be heard on June 25, 2001. For reasons that are unclear from the record, the matter was not heard in June 2001, however, and

in November 2003 Mr. McGee filed a notice of voluntary dismissal. The circuit court entered an order dismissing the matter on November 18, 2003.

On October 27, 2004, Mr. McGee again filed an action against Defendants in general sessions court in which he alleged "[b]reach of contract and negligence in failing to timely file for an extension for filing an income tax return for the Plaintiff which has resulted in the Plaintiff incurring penalties and interest." Mr. McGee failed to appear for the scheduled hearing in general sessions court, and the court dismissed the matter on November 23, 2004. In December 2004, Mr. McGee filed an appeal to circuit court.

Defendants filed a motion to dismiss, asserting Mr. McGee's action was barred by the doctrine of *res judicata* and/or the applicable one-year limitations period. Following a hearing, the circuit court granted Defendants' motion and dismissed the matter on February 17, 2005. The circuit court denied Mr. McGee's motion to alter or amend, and Mr. McGee filed a timely notice of appeal to this Court.

### *Issues Presented and Standard of Review*

The issues as presented for our review by Mr. McGee are:

(1)     The trial court erred in dismissing the Plaintiff's cause of action.

(2)     The trial court erred in granting the Defendants' motion to dismiss because the motion was converted to a motion for summary judgment.

The dispositive issue however, as we perceive it, is whether the circuit court erred by dismissing Mr. McGee's action for failure to re-file within one year of that court's order of voluntary dismissal under Tennessee Code Annotated § 28-1-105. The facts relevant to this procedural issue are undisputed. Therefore, even assuming Defendants' motion was converted to a motion for summary judgment, our analysis must focus on whether Defendants were entitled to judgment as a matter of law. Our review of questions of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); Tenn. R. App. P. 13(d).

### *Analysis*

This lawsuit requires us to determine whether, under Tennessee Code Annotated § 28-1-105, an action initially adjudicated by the general session court, appealed to the circuit court for *de novo* review pursuant to Tennessee Code Annotated § 16-15-729, voluntarily nonsuited in circuit court, and re-filed in general session court within one year of dismissal is "recommenced" within one year for the purposes of § 28-1-105. Mr. McGee asserts this procedure is correct. He submits that the action which he voluntarily nonsuited in the circuit court on November 18, 2003, was properly re-filed within the one year provided by the statute where it was re-filed in the general sessions court on October 27, 2004, notwithstanding entry of final judgment in the general sessions court in 2000.

Defendants on the other hand, assert the matter was *res judicata* in the general sessions court. They contend that, under § 28-1-105, Mr. McGee was required to re-file the matter within one year in the circuit court in order to avail himself of statute. Defendants submit that, because the matter was not recommenced in the circuit court within one year, it is untimely under the statute.

This case requires us to construe Tennessee Code Annotated § 28-1-105 together with § 16-15-729, which provides for appeal of judgments rendered by a general sessions court to circuit court. Section 28-1-105 provides, in pertinent part:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tennessee Code Annotated § 28-1-105(a)(2000). Now generally known as the "savings statute," § 28-1-105 previously was referred to as the "inconclusive dismissal statute." *Kirby v. Cramer*, 410 S.W.2d 724, 725 (Tenn. 1967)(abrogated in part by *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181 (Tenn. 1995)(overruling *Patterson v. Sheffield*, 54 Tenn. (5 Cold.) 373, 374-75 (1872) and later dicta in *Kirby* that reiterated *Patterson*; holding in *Ware*: in light of adoption of Tennessee Rules of Civil Procedure and "modern notions of judicial economy," plaintiff's recovery in cases appealed to circuit court from general sessions court pursuant to Tennessee Code Annotated § 16-15-729 is not limited to jurisdictional limits of general sessions court)). The savings statute enables a diligent plaintiff to renew his action if it is dismissed other than by a judgment on the merits. *Turner v. Aldor Co. of Nashville*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). The purpose of the statute is to give plaintiffs a "brief period" within which to re-file their suit after it has been concluded on a basis other than dismissal on the merits. *Clark v. Fournet*, No. M2006-00616-COA-R3-CV, 2007 WL 935926, at *2 (Tenn. Ct. App. Mar. 28, 2007)(*no perm. app. filed*)(citing *Nashville, C. & St. L. Ly. v. Bolton*, 184 S.W. 9, 11 (Tenn. 1911)). The statute is remedial in nature and must be liberally construed. *Parrish v. Marquis*, 137 S.W.3d 621, 624 (Tenn. 2004)(citations omitted). Under the plain language of the statute, an action commenced in general sessions court and voluntarily nonsuited in that court clearly may be re-filed either in the general sessions court or in the circuit or chancery courts, assuming jurisdiction. In other words, it may be re-filed within one year in a court of competent jurisdiction. *See Parrish*, 137 S.W.3d 621 (holding action dismissed for lack of venue following remand to Shelby County Circuit Court was properly re-filed in Circuit Court for Knox County where it was re-filed within one year of dismissal upon remand); *Venn v. Tennessean Newspapers, Inc.*, 201 F. Supp. 47, 58 (M.D. Tenn. 1962), aff'd 313 F.2d 639 (6th Cir. 1963)(savings statute applicable to save action from bar by one-year statute of limitations where action voluntarily

nonsuited in Circuit Court for Davidson County and re-filed in federal court within one year of nonsuit ).

Tennessee Code Annotated § 16-15-729 provides that dispositions rendered in a general sessions court may be appealed to circuit court for a *de novo* review. Section 16-15-729 provides:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Tennessee Code Annotated § 16-15-729(Supp. 2006).[1] The *de novo* appeal permitted by § 16-15-729 provides an "entirely new trial." *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181, 184 (Tenn. 1995). Therefore, on appeal brought pursuant to this section, the circuit court does not review the general session court's disposition of the matter, but hears the matter "as if no other trial had occurred and as if the case had originated in the circuit court." *Id.* (citations omitted). Accordingly, in an action before the circuit court on *de novo* appeal under § 16-15-729, a plaintiff may take a voluntary nonsuit in circuit court and recommence the action within one year pursuant to the savings statute. *Kirby v. Cramer*, 410 S.W.2d 724, 725 (Tenn. 1967). The circuit court's entry of an order of nonsuit does not, as a matter of course, reinstate the judgment of the general sessions court. *Id.*; *Katz v. Bilsky*, 759 S.W.2d 420, 422 (Tenn. Ct. App. 1988). If a plaintiff fails to recommence the action within the one year provided by the savings statute, however, it is the duty of the circuit court to dismiss the appeal and affirm the judgment of the general sessions court. *See Enrichment Inst. v. Boyce*, C.A. No. 216., 1990 WL 125067, at *2, (Tenn. Ct. App. Aug. 30, 1990), *perm. app. denied* (Tenn. Dec. 3, 1990)(holding: once the time for appeal has expired and "there is no possibility of the case being brought back to the circuit court, . . . [t]he only legal resolution remaining . . . is the judgment of the general sessions court, and, as stated in *Donaghy*, it is the duty of the circuit court, where an appeal is dismissed, to affirm that judgment.")(citing *Donaghy v. McCorkle*, 118 Tenn. 73 (1906)); Tennessee Code Annotated § 27-5-107.[2]

In the present case, Mr. McGee contends that recommencing his action in general sessions court within one year of the voluntary nonsuit in circuit court is permissible under the savings statute

---

[1]In 1995, the General Assembly amended § 16-15-729 to provide that the *de novo* appeal conducted by the circuit court shall "include damages." Acts 1995, ch. 418, § 1.

[2]Tennessee Code Annotated § 27-5-107 (2000) provides:

> **Affirmance.** - - If the papers are properly returned, and the appellant fails to appear or defend as above, or if the appeal is dismissed for any cause, the appellee is entitled to an affirmance of the judgment below, with costs.

despite a prior entry of final judgment in general sessions court. Defendants, on the other hand, contend that the doctrine of *res judicata* prohibits refiling of the action in general sessions court. We agree.

The doctrine of *res judicata* is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action[.]" *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (alteration in original)(quoting Black's Law Dictionary 1172 (5th ed.1979)). It is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). In this case, Mr. McGee's action was before the circuit court not as a court of original jurisdiction, but on appeal from the general sessions court under § 16-15-729. The matter had been fully litigated in the general sessions court in 2000, and the general sessions October 2000 judgment was a final judgment on the merits. We do not believe the savings statute provides a plaintiff with the proverbial "second bite at the apple" in general sessions court.

This holding is consistent with the plain language of the savings statute and the reasons justifying the right to a *de novo* appeal from general sessions court under § 16-15-729. The savings statute permits a plaintiff recommence his action within one year of dismissal only where "the judgment or decree is rendered against the plaintiff upon any ground *not* concluding the plaintiff's right of action." Tennessee Code Annotated § 28-1-105(2000)(emphasis added). The judgment rendered by the general sessions court in the present case concluded Mr. McGee's action in that court. When the general sessions court entered its final judgment in favor of Defendants, Mr. McGee no longer had either a right of action or the right to a voluntary nonsuit under § 28-1-105 in general sessions court. The matter was *res judicata* in that court, and Mr. McGee's only recourse was to appeal to the circuit court.

In *Ware v. Meharry Medical College*, the Supreme Court adopted the dissenting opinion filed in this Court, which outlined the history of the general sessions courts and the right to review of judgments rendered by them. *Ware v. Meharry Med. Coll.*, 898 S.W.2d 181 (Tenn. 1995). As the *Ware* court noted, general sessions courts retain many of the attributes of historical justice of the peace courts. *Id.* at 183. They are not courts of record governed by the Tennessee Rules of Civil Procedure. Rather, they retain the informality of pleadings and procedure and jurisdictional limitations of the former justice of the peace courts. *Id.* at 183. Although the authority of general sessions courts has exceeded that of justice of the peace courts, the "principal safeguard . . . [of] the broad right of appeal to the circuit court" is "designed to protect litigants against erroneous judgments" which may arise in a court that is, by intent, less formal than the circuit court. *Id.* at 184. Thus, pursuant to § 16-15-729, Mr. McGee was entitled to a new trial in circuit court, a court of record. That new trial included the right to recommence litigation within one year following entry

of an order of voluntary nonsuit under the savings statute.[3]  It did not entitle him to file a second action in general sessions court where that court had previously adjudicated the matter.

We agree with Defendants that, although the general sessions court dismissed Mr. McGee's second action for failure to appear, Mr. McGee's action was properly dismissible by the general sessions court under the doctrine of *res judicata*.  Additionally, even if we were to view  Mr. McGee's December 2004 filing of his appeal to circuit court as a re-filing or recommencement of his original action, the December filing was beyond the one-year period provided by the savings statute where the circuit court entered its order of voluntary dismissal on November 18, 2003.

### *Holding*

In light of the foregoing, we affirm the circuit court's order of dismissal.  Costs of this appeal are taxed to the Appellant, Patrick McGee, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]See *McKeithen v. Hill*, No. M2005-01535-COA-R3-CV, 2006 WL 1134412 (Tenn. Ct. App. Apr. 28, 2006)(*no perm. app. filed*), distinguishing timeliness for recommencement of action following entry of order of voluntary nonsuit in actions removed from general sessions court to circuit court pursuant to Tennessee Code Annotated § 16-15-732.