# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 21, 2014 Session

## CHARLOTTE J. CARTWRIGHT ET AL. V. DMC-MEMPHIS INC. D/B/A DELTA MEDICAL CENTER ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT00090712     John R. McCarroll, Jr., Judge

---

### No. W2013-01614-COA-R3-CV - Filed December 9, 2014

---

This appeal requires consideration of the interplay between the pre-suit notice requirements of Tennessee Code Annotated § 29-26-121 and Tennessee's savings statute, Tennessee Code Annotated § 28-1-105. In the instant case, Plaintiff re-filed a medical malpractice action within one year of a previous voluntary non-suit. Defendants moved to dismiss the re-filed action on the basis that the pre-suit notice provided incident to the initial lawsuit was deficient. They argued that the failure to provide the required notice in the first lawsuit meant Plaintiff's original action was not properly commenced and therefore failed to toll the statute of limitations. The trial court agreed, determined that the second lawsuit was filed outside of the applicable limitation period, and dismissed Plaintiff's claims. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ARNOLD B.GOLDIN, J. delivered the opinion of the Court, in which RICHARD H. DINKINS, J and J. STEVEN STAFFORD, P.J., W.S., joined.

Duncan E. Ragsdale and William R. Bruce, Memphis, Tennessee, for the appellants, Charlotte J. Cartwright, Next of Kin to Lawrence M. Cartwright, Deceased.

Jonathan T. Martin and Joshua A. Hillis, Memphis,Tennessee, for the appellees, DMC-Memphis, Inc., Bernadette Leach, Evelyn Cummings, and Debra P. Malina.

Jerry E. Mitchell, Andrea N. Malkin, and Samantha E. Bennett, for the appellees, Andrew M. Krauss, M.D., Nadeem Vaidya, M.D., and VRF Eye Specialty Group, PLLC.

Katherine M. Anderson and Hugh Francis, IV, for the appellee, Salwa Moustafa, M.D.

Stephanie A. Bergmeyer and Laura Miller, for the appellee State of Tennessee.

**OPINION**

**I. Background and Procedural History**

This medical malpractice[1] and wrongful death action was brought by Plaintiff Charlotte J. Cartwright ("Plaintiff") as the spouse and next of kin to Lawrence M. Cartwright ("Mr. Cartwright"). According to the allegations in Plaintiff's Complaint, Mr. Cartwright died on May 19, 2010, as a result of the medical negligence of the Defendants in connection with a May 13, 2010, elective eye surgery procedure. As is relevant to the dispute between the parties on appeal, the present lawsuit is actually the second lawsuit filed by Plaintiff concerning the Defendants' alleged negligence against Mr. Cartwright.

Plaintiff filed the initial suit against Defendants on May 6, 2011. The complaint stated that pre-suit notice had been given to Defendants pursuant to Tennessee Code Annotated § 29-26-121, and proof of the notices sent to Defendants was attached as an exhibit.[2] The record indicates that these pre-suit notices were received by the Defendants in early June 2010.

On June 14, 2011, after the initial complaint had been filed, Defendants Salwa Moustafa, M.D. ("Dr. Moustafa"), DMC-Memphis, Inc., Bernadette Leach, Evelyn V. Cummings, and Debra P. Malina filed motions to dismiss Plaintiff's claims. These Defendants asserted that because the pre-suit notices sent to them by Plaintiff pursuant to Tennessee Code Annotated § 29-26-121 were not compliant with the statute, Plaintiff's action should be dismissed. The notices, they indicated, failed to include either Mr. Cartwright's date of birth or the name and address of the claimant authorizing the notices. In addition, these Defendants asserted that the medical authorization provided was insufficient and did not comply with HIPAA. On June 20, 2011, a voluntary non-suit was

---

[1]Tennessee Code Annotated § 26-26-101 now defines most cases occurring in a medical context as "health care liability actions." The statute states that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." *See* Acts 2011, ch. 510, § 8. The revised statute does not apply in this case as the injuries in this matter–as alleged in the Complaint–accrued before October 1, 2011.

[2]We note that Plaintiff filed her initial complaint within the one-year statute of limitations period applicable to medical malpractice actions, *see* Tenn. Code Ann. § 29-26-116(a)(1), without reliance on the 120-day extension available under Tennessee Code Annotated § 29-26-121(c) for compliance with the pre-suit notice provisions. Thus, although Defendants assert that Plaintiff's initial action was not properly commenced, there is no dispute that, if properly commenced, Plaintiff's filing of the initial complaint was timely. Our decision herein is limited only to the circumstances presented in this case.

-2-

entered without prejudice as to Dr. Moustafa, and on September 6, 2011, Defendants Eye Specialty Group, PLLC, Andrew M. Krauss, M.D., and Nadeem Vaidya, M.D., joined in the motion to dismiss previously filed by DMC-Memphis, Inc., Bernadette Leach, Evelyn V. Cummings, and Debra P. Malina. A hearing on the pending motions to dismiss occurred on September 7, 2011, but the trial court did not make any ruling on the motions, as it instead allowed additional time for briefing. On the same date, Plaintiff filed a notice of voluntary non-suit as to all named Defendants. Later, on September 9, 2011, the trial court dismissed Plaintiff's action "without prejudice" in accordance with her notice of non-suit.

Shortly after this non-suit, Plaintiff gave new notices to Defendants pursuant to Tennessee Code Annotated § 29-26-121[3], and on February 29, 2012, Plaintiff filed the instant Complaint asserting medical malpractice against the Defendants. The new Complaint stated that notice had been given pursuant to Tennessee Code Annotated § 29-26-121, and proof of the notices sent to Defendants was attached as an exhibit.[4] Nothing in the record suggests that Plaintiff's compliance with Tennessee Code Annotated § 29-26-121 in the instant action has been challenged.

In response to the re-filed Complaint, all Defendants moved the trial court to dismiss Plaintiff's action pursuant to Rule 12 of the Tennessee Rules of Civil Procedure and/or grant summary judgment in their favor pursuant to Rule 56. In seeking dismissal of Plaintiff's claims, the Defendants suggested that Plaintiff's re-filed Complaint was time-barred. Because Plaintiff had failed to comply with the notice requirements of Tennessee Code Annotated § 29-26-121 in her initial lawsuit filed on May 6, 2011, the Defendants argued that the initial complaint was void and failed to toll the statute of limitations. The savings statute could not operate to save Plaintiff's claims, they argued, in light of her failure to give proper pre-suit notice in the first lawsuit.

Prior to any hearing on Defendants' motions, Plaintiff filed a Petition to declare that Tennessee Code Annotated § 29-26-121 and Tennessee Code Annotated § 29-26-122 are unconstitutional. The State of Tennessee subsequently motioned the trial court to intervene in the case in order to defend the constitutionality of both statutes, and on October 12, 2012, the trial court joined the State as an intervening Defendant. On April 12, 2013, the trial court entered an order denying Plaintiff's petition to declare Tennessee Code Annotated § 29-26-121 unconstitutional.[5]

On May 16, 2013, a hearing on Defendants' motions to dismiss/and or for summary

---

[3]The record indicates that these pre-suit notices were received by the Defendants at various dates from mid-to-late September 2011.

[4] It is worth noting that the re-filed Complaint also contained a certificate of good faith provided pursuant to Tennessee Code Annotated § 29-26-122 as an attached exhibit.

[5]The trial court held that it was not necessary to determine the constitutionality of Tennessee Code Annotated § 29-26-122 because the Defendants were not relying on that statute as a ground for dismissal.

judgment finally took place, and on June 26, 2013, the trial court issued a written order granting the Defendants their requests for relief. In its order, the trial court concluded that the notice letters mailed incident to Plaintiff's first lawsuit failed to comply with Tennessee Code Annotated § 29-26-121, and as such, it reasoned that the original action was improperly commenced such that Plaintiff could not rely on its filing date to satisfy the statute of limitations. In noting that it had considered matters outside the pleadings, the trial court converted the Defendants' motions into motions for summary judgment.

On July 10, 2013, Plaintiff filed a renewed motion asking for the trial court to declare that Tennessee Code Annotated § 29-26-121 was unconstitutional as applied, and on January 17, 2014, Plaintiff filed a number of various motions asking the court to take judicial notice of certain statutes and federal regulations, as well as to reconsider its June 26, 2013, order dismissing Plaintiff's case. The trial court denied these motions by a *nunc pro tunc* order related back to February 4, 2014. Plaintiff filed a timely notice of appeal.[6]

## II. Issues Presented

The issues raised by Plaintiff on appeal, as we perceive them, are as follows:
1. Whether the trial court erred in dismissing her Complaint by concluding that the cause of action was time-barred by the statute of limitations due to Plaintiff's failure to comply with the pre-suit notice requirements of Tennessee Code Annotated § 29-26-121 in the initial lawsuit.
2. Whether Tennessee Code Annotated § 29-26-121 on its face, or as applied, violates the Tennessee Constitution, U.S. Constitution, or Tennessee law.

## III. Standard of Review

When considering a motion to dismiss for failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the trial court must determine whether the pleadings state a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6); *Cullum*

---

[6]Plaintiff's notice of appeal was filed on July 11, 2013, and gave notice that Plaintiff was appealing the Court's June 26, 2013, order that dismissed her Complaint, the April 12, 2013, order that upheld the constitutionality of Tennessee Code Annotated § 29-26-121, and "the Court's final order entered herein." As the trial court had not yet dealt with Plaintiff's motion regarding the as applied challenge to Tennessee Code Annotated § 29-26-121 at the time the notice of appeal was filed, we entered an order in January 2014 requiring Plaintiff to obtain entry of a final judgment before we could assume jurisdiction over the appeal. The trial court's order entered *nunc pro tunc* to February 4, 2014, resolved this issue and made the case properly appealable. *See* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

*v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013). The motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). When adjudicating a motion to dismiss, the court must "construe the complaint liberally, presume that all factual allegations are true and give the plaintiff the benefit of all reasonable inferences." *Cullum*, 432 S.W.3d at 832. A motion to dismiss should be granted only if "it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief[.]" *Id.* Tennessee jurisprudence "'reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits or of the weight of the facts pleaded, or as a docket-clearing mechanism.'" *Id.* (quoting *Webb*, 346 S.W.3d at 437). We review a trial court's adjudication of a motion to dismiss *de novo*, with no presumption of correctness. *Id.*

When matters outside the pleadings are considered by the trial court, however, as they were in this case, a motion to dismiss is converted to a motion for summary judgment. *Moore v. State*, 436 S.W.3d 775, 783 (Tenn. 2014) (citation omitted). We review an award of summary judgment *de novo*, with no presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). Summary judgment may be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin*, 271 S.W.3d at 83 (citation omitted).

"Issues of constitutional interpretation are questions of law, which we review de novo without any presumption of correctness given to the legal conclusions of the courts below." *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009) (citing *Colonial Pipeline v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008)). A facial challenge to a statute is the most difficult to challenge successfully because the challenger must establish that the statute is invalid under all circumstances. *Lynch v. City of Jellico*, 205 S.W.3d 384, 390 (Tenn. 2006) (citation omitted). "An 'as applied' challenge presumes that the statute is generally valid[,]" but "merely asserts that specific applications of the statute are unconstitutional." *Waters*, 291 S.W.3d at 923 (citations omitted). "Our charge is to uphold the constitutionality of a statute wherever possible[,]" but we will not decide constitutional issues unless resolution is absolutely necessary to determining the issues in the case. *Id.* at 882 (citations omitted).

## IV. Discussion

On appeal, we are tasked with reviewing whether the trial court properly concluded that Plaintiff's action should be dismissed for failure to satisfy the applicable statute of limitations. Although her Complaint was filed within one year of a previous voluntary non-

suit, the trial court determined that the savings statute was inapplicable to her claims. Specifically, the trial court held that Plaintiff's failure to comply with Tennessee Code Annotated § 29-26-121 in her first lawsuit amounted to a failure to properly "commence" that action and thus prevented her from relying on the filing date in the initial suit to satisfy the statute of limitations. Whether compliance with the pre-suit notice requirements is necessary to "commence" an action within the meaning of the savings statute is a matter of first impression in this Court.

At the outset, it should be noted that there is no genuine dispute of fact in this case regarding the issues before us. In her brief, Plaintiff concedes that the notices she sent on June 4, 2010, omitted the patient's date of birth and the claimant's address, and at oral argument in this cause, Plaintiff's counsel again admitted that the notices sent attendant to Plaintiff's first lawsuit did not comply with the requirements of Tennessee Code Annotated § 29-26-121. Indeed, our review of the record indicates that the requirements of Tennessee Code Annotated § 29-26-121 were not met in connection with the first filed complaint. Both the June 4, 2010, notices sent pursuant to Tennessee Code Annotated 29-26-121(a)(2)(A–D) and the medical authorizations sent pursuant to Tennessee Code Annotated § 29-26-121(a)(2)(E) did not comply with the statute. In addition to omitting the patient's date of birth and the claimant's address on her notices, which are required by Tennessee Code Annotated § 29-26-121(a)(2)(A–B), Plaintiff provided medical authorizations that were significantly noncompliant with HIPAA. With this in mind, it is clear that our only inquiry is a legal one. Simply put, we must determine whether a plaintiff's noncompliance with the pre-suit notice requirements means a filed complaint has not properly commenced a lawsuit within the meaning of the savings statute.

In reviewing this matter, we must consider the meaning of both Tennessee Code Annotated § 29-26-121 and the savings statute, which is codified at Tennessee Code Annotated § 28-1-105. "The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012) (citation omitted). "[W]e start with an examination of the statute's language," *id.* (citation omitted), and "presume that the legislature intended to give each word of the statute its full effect." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553 (Tenn. 2013) (citation omitted). We must avoid broadening a statute beyond its intended scope, and "[i]n fulfilling this duty, we must construe statutes in a reasonable manner 'which avoids statutory conflict and provides for a harmonious operation of the laws.'" *Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512, 517 (Tenn. 2014) (quoting *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013)). Where the language is clear and unambiguous, the plain meaning must be given effect. *Myers*, 382 S.W.3d at 308; *Thurmond*, 433 S.W.3d at 517. The interpretation of a statute is a question of law, which we review *de novo*. *Stevens*, 418 S.W.3d at 553.

Tennessee's savings statute, codified at Tennessee Code Annotated § 28-1-105, allows

a diligent plaintiff to renew his or her action if it is dismissed other than by a judgment on the merits. *McGee v. Jacobs*, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007) (citation omitted). In part, it provides as follows:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105 (2000).

"The purpose of the statute is to give plaintiffs a 'brief period' within which to re-file their suit after it has been concluded on a basis other than dismissal on the merits." *McGee*, 236 S.W.3d at 165 (citation omitted). Because Tennessee law strongly favors the resolution of all disputes on their merits, "the savings statute is to be given a broad and liberal construction[.]" *Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 912 (Tenn. 2000) (citation omitted). "[T]he crucial consideration [is] not the technical form of the first action, but the fact that the defendant actually had notice of it." *Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn. 1996).

In this case, the crux of the dispute centers on whether the filing of Plaintiff's May 6, 2011, complaint constituted a commencement within the meaning of the savings statute. If it did, as has been argued by Plaintiff, then the present lawsuit, filed in February 2012, receives the benefit of the tolling provided by the savings statute. If, however, the May 6, 2011, filing did not constitute a commencement, Plaintiff does not receive the benefit of the savings statute and her February 2012 Complaint must be deemed untimely.[7] To reach a resolution on this issue, we must consider what impact, if any, Tennessee Code Annotated § 29-26-121 has on the commencement of a lawsuit.

Under Tennessee Code Annotated § 29-26-121, plaintiffs in all medical malpractice actions must give sixty days pre-suit notice. In pertinent part, the statute provides as follows:

---

[7]Pursuant to Tennessee Code Annotated § 29-26-116(a)(1), the applicable limitation period is one year after the cause of action accrued. Tenn. Code Ann. § 29-26-116 (2012). When, however, pre-suit notice is given as provided in Tennessee Code Annotated § 29-26-121, "the applicable statutes of limitations . . . shall be extended for a period of one hundred twenty (120) days[.]" Tenn. Code Ann. § 29-26-121(c) (2012). In this case, Plaintiff's alleged injuries occurred in May 2010. If the instant Complaint filed in February of 2012 does not receive the benefit of the savings statute, as the trial court held, it is clearly untimely.

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;

(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

(C) The name and address of the attorney sending the notice, if applicable;

(D) A list of the name and address of all providers being sent a notice; and

(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.
***

(b) If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

Tenn. Code Ann. § 29-26-121 (2012).

There is no disputing that the pre-suit notice requirements are mandatory, *Myers*, 382 S.W.3d at 304, and a plaintiff's failure to comply with them may result in a dismissal[8] of his

_____

[8]It is worth noting, however, that under *Stevens*, dismissal with prejudice for violations of Tennessee Code Annotated § 29-26-121 is not compulsory. *See Stevens*, 418 S.W.3d at 560 (dismissing a plaintiff's case without prejudice for failure to comply with Tennessee Code Annotated § 29-26-121(a)(2)(E)).

or her action. *See Stevens*, 418 S.W.3d at 560. The legislature passed the requirements with the intent that prospective defendants be given notice of a forthcoming lawsuit, *Myers*, 382 S.W.3d at 309, and the requirements "serve the legislative purpose of giving the potential health care provider defendants the opportunity to investigate and perhaps even settle the case before it is actually filed." *Williams v. SMZ Specialists, P.C.*, No. W2012-00740-COA-R9-CV, 2013 WL 1701843, at *9 (Tenn. Ct. App. Apr. 19, 2013) (internal quotation omitted). We do not read the statute, however, as changing the requirements for commencement of an action within the meaning of the savings statute.

The commencement of an action is governed by Rule 3 of the Tennessee Rules of Civil Procedure. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002). In its entirety, that rule reads as follows:

> **All civil actions are commenced by filing a complaint** with the clerk of the court. **An action is commenced within the meaning of any statute of limitations upon such filing of a complaint**, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (emphasis added).

Under Rule 3, it is clear that commencement of an action occurs upon the filing of the complaint, and this fact is no different when the action being maintained is one brought under the Tennessee Medical Malpractice Act. Although analyzing a different issue than the one before us in the case at bar, the Tennessee Supreme Court reinforced this principle in *Rajvongs v. Wright*, 432 S.W.3d 808 (Tenn. 2013). The *Rajvongs* court observed that "the plain language of section 29-26-121(a)(1) does not address the commencement of an action[,]" and in doing so, the *Rajvongs* court held that the "pre-suit notice requirement of section 29-26-121(a)(1) . . . does not alter the traditional definition of the commencement of an action." *Id.* at 812. A medical malpractice action, it noted, "is commenced by filing a complaint in accordance with Rule 3." *Id. See also Old Hickory Eng'g and Mach. Co. v. Henry*, 937 S.W.2d 782, 784 (Tenn. 1996) ("An action is commenced by filing a complaint.").

Defendants, however, argue that the defining event of commencement should be considered to have occurred only after the proper sending of pre-suit notice. They contend that because the requirements of Tennessee Code Annotated § 29-26-121 must be met prior

to the commencement of an action, a lawsuit filed without satisfying them is *void ab initio*. We cannot adopt this reasoning.

First, as was observed in *Rajvongs*, the plain language of Tennessee Code Annotated § 29-26-121 does not address the commencement of an action. *Rajvongs*, 432 S.W.3d at 812. Commencement remains governed and defined by Rule 3 alone. Although Rule 3 sets certain circumstances under which a plaintiff cannot rely upon the initial filing of a complaint for purposes of tolling the statute of limitations, none of these circumstances pertain to the requirements of Tennessee Code Annotated § 29-26-121. Per the terms of Rule 3, they relate only to situations where process goes unissued or unserved for a certain period of time. *See* Tenn. R. Civ. P. 3. Under the defined meaning given in Rule 3, Plaintiff's May 6, 2011, filing of the initial complaint constituted a "commencement."

Second, although it is true that the statute places a temporal restriction on the pre-suit notice requirements and mandates that they occur before the filing of a complaint, *see Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 593 (Tenn. Ct. App. 2013) (stating that "the requirements of Tennessee Code Annotated Section 29-26-121 are requirements that must be met **prior to the commencement of the action**"); *Williams*, 2013 WL 1701843, at *8 (noting that "[t]he pre-suit notice requirements are satisfied before the lawsuit is 'commenced' pursuant to Rule 3"), we do not find this restriction to be dispositive of the issue before us. Failure to comply with the required pre-suit notice may result in dismissal of a complaint, but such failure does not negate the commencement that occurs under Rule 3. As this Court previously remarked, "[o]nce the suit is 'commenced' under Rule 3, it then falls to the courts to hear the facts and decide the issues, including the issue of whether the action should be dismissed for failure to comply with the pre-lawsuit requirements." *Williams*, 2013 WL 1701843, at *8. Again, just because an action has been instituted without satisfying the pre-suit notice requirements, that does not mean that the action has not been commenced under Rule 3 for purposes of the savings statute. *See Robles v. Vanderbilt Univ. Med. Ctr.*, No. M2010-01771-COA-R3-CV, 2011 WL 1532069, at *3 (Tenn. Ct. App. Apr. 19, 2011) ("While the requirements to file and prosecute a medical malpractice suit are rigorous, nothing in the legislative history or the statute itself reveals an intent that medical malpractice cases should not proceed in accordance with the rules applicable to all actions[.]"). In this case, treating the May 6, 2011, filing as a commencement is not only consistent with the plain language of Rule 3, but it is also in keeping with a remedial construction of the savings statute, which helps further the law's preference that disputes are resolved on their merits.

Moreover, although the requirements of Tennessee Code Annotated § 29-26-121 help further the legislative purpose of providing potential defendants the opportunity to investigate and settle cases before they are filed, *Williams*, 2013 WL 1701843, at *9, there is no authority suggesting that a plaintiff who fails to comply with the pre-suit notice requirements cannot prosecute his or her claim to conclusion absent an objection by defendants. Defendants certainly may move courts to dismiss cases in instances where pre-

suit notice requirements are not satisfied, but again, there is nothing preventing courts from adjudicating a plaintiff's claims when defendants do not properly object. In this case, for instance, we know of no reason why the trial court could not have adjudicated Plaintiff's claims in the initial complaint if Defendants had not moved to dismiss the action and Plaintiff had not entered a notice of a voluntary non-suit. As such, we must hold that the original lawsuit filed by Plaintiff on May 6, 2011, "commenced" the action within the meaning of the savings statute. *See Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 424 (Tenn. Ct. App. 2004) (noting that a lawsuit was "merely voidable" and was therefore commenced within the meaning of the savings statute when there was nothing preventing the claim from being prosecuted to its conclusion absent an objection by defendants).

In this vein, we note that the statute even makes it possible for a plaintiff to maintain an action over the objection of defendants notwithstanding the failure to comply with the required pre-suit notice. Specifically, "[t]he court has discretion to excuse compliance [with pre-suit notice] . . . for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b) (2012). To suggest that an action has not been commenced merely because pre-suit notice has not been satisfied under the statute seems to defy reason when one considers that the same statute grants the court discretion to excuse compliance with pre-suit notice for extraordinary cause shown. If an action can potentially be maintained without satisfying pre-suit notice, surely that action must be considered to be commenced within the meaning of the savings statute.

In determining that Tennessee Code Annotated § 29-26-121 does not alter the definition of commencement that occurs pursuant to Rule 3, we note that the U.S. District Court for the Western District of Tennessee has already confronted the same issue that is before us. In *Tangradi v. Baptist Memorial Hospital of Union City*, No. 1:10-cv-01115-JDB-egb, 2012 WL 2681806 (W.D. Tenn. July 6, 2012), the district court was faced with a motion to dismiss a plaintiff's medical malpractice claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, pursuant to Rule 56. *Id.* at *2. Like the Plaintiff in the case at bar, the plaintiff in *Tangradi* had filed an initial lawsuit within the applicable limitation period, non-suited her claims, and then re-filed her action within the one year time period afforded by the Tennessee savings statute. *Id.* at *4. In seeking dismissal of the re-filed action, the defendant in *Tangradi* argued that the statute of limitations was not tolled because the plaintiff had failed to comply with the Tennessee Medical Malpractice Act's pre-suit notice and certificate of good faith requirements in her first lawsuit; such failure to comply, it argued, meant there was no original suit to save. *Id.* at *5. The district court rejected this argument and held that the plaintiff had the right to voluntarily dismiss her first action and re-file pursuant to the savings statute irrespective of her noncompliance with the pre-suit requirements in the initial suit. *Id.* at *5–7.

In addition, we note that our sister state of Mississippi has also confronted a similar issue. In *Arceo v. Tolliver*, 19 So.3d 67 (Miss. 2009), the Mississippi Supreme Court analyzed the interplay of its own savings statute and state's medical malpractice pre-suit

notice requirement. Finding that the commencement of litigation was determined by the civil rules of procedure and not the legislatively passed pre-suit statutory requirements, the *Tolliver* court concluded that Mississippi's savings statute did, in fact, apply to a case that had previously been dismissed on account of a plaintiff's failure to comply with proper pre-suit notice. *Id.* at 74–75. The initial suit in *Tolliver*, like the first suit in the case at bar, had been dismissed without prejudice. *Id.* at 70. Although neither *Tangradi* nor *Tolliver* are binding on this Court, *see Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 452 (Tenn. Ct. App. 2001) ("When a federal court undertakes to decide a state law question . . . the state courts are not bound to follow the federal court's decision."); *Ottinger v. Stooksbury*, 206 S.W.3d 73, 79 (Tenn. Ct. App. 2006) (stating that decisions from other states may be persuasive authority but are not binding), we find that they lend further support for our conclusions herein.

Because we have determined that Plaintiff's May 6, 2011, filing constituted a commencement, we are compelled to hold that the second lawsuit commenced by Plaintiff in February 2012 was timely. The Tennessee Supreme Court has remarked that the "availability of the saving statute is dependent upon a plaintiff's compliance with Rule 3," *Frye*, 70 S.W.3d at 716, and in this case, no facts are implicated which suggest that Plaintiff cannot rely on the original commencement to toll the running of the statute of limitations. Despite non-suiting her first lawsuit, Plaintiff commenced a second lawsuit within the one year time period provided for in Tennessee Code Annotated § 28-1-105. As such, application of the tolling period provided by the savings statute is warranted, and the trial court's dismissal of Plaintiff's Complaint was in error.

In reaching this conclusion, we do not intend to diminish the importance of the pre-suit notice requirements. As we have already stated, they are mandatory requirements under the statute, and a plaintiff's action is subject to dismissal for noncompliance with them.[9] Pre-suit notice remains a significant part of furthering the legislative purpose of allowing defendants the opportunity to investigate and potentially settle claims before suits are filed in the courts. Notably, the taking of a non-suit does not erase a plaintiff's duty to provide proper pre-suit notice in connection with a lawsuit that has been recommenced pursuant to the savings statute. *See Childs v. UT Med. Group, Inc.*, 398 S.W.3d 163, 169–70 (Tenn. Ct. App. 2012) (holding that new pre-suit notice is required after a non-suit before re-filing).[10]

---

[9]As already indicated, however, courts do have discretion to excuse compliance "for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b) (2012).

[10]*Cf. Foster v. Chiles*, No. E2012-01780-COA-R3-CV, 2013 WL 3306594 (Tenn. Ct. App. June 27, 2013), *appeal granted* (Nov. 13, 2013). In *Foster*, the Eastern Section of this Court held that although pre-suit notice is still required, the statute does not mandate that new notice be given after a non-suit in connection with a complaint re-filed pursuant to the savings statute. *Id.* at 4–5. The *Foster* court was of the opinion that the statutory notice requirements could be met if the notice given attendant to the initial complaint complied with Tennessee Code Annotated § 29-26-121. *Id.* The Eastern Section recently

Upon the entry of an order approving a plaintiff's voluntary dismissal, "the case is, for all intents and purposes, over." *Barnett v. Elite Sports Med.*, No. M2010-00619-COA-R3-CV, 2010 WL 5289669, at *2 (Tenn. Ct. App. Dec. 17, 2010). Once re-filed pursuant to the savings statute, the "new action must stand or fall on its own." *Robles*, 2011 WL 1532069, at *3. If a plaintiff has not complied with Tennessee Code Annotated § 29-26-121 in connection with a lawsuit that has been recommenced, defendants may certainly object. Accordingly, we find that our holding does not disturb the purpose of the pre-suit notice requirements, nor does it prejudice the Defendants in this matter. We merely reaffirm that Tennessee Code Annotated § 29-26-121 does not change the traditional definition of commencement under Rule 3. Although the pre-suit notice requirements must be given under the statute, unless properly excused, a plaintiff's failure to satisfy them before the filing of a complaint does not prevent that plaintiff's filing from being considered a commencement within the meaning of the savings statute.

 As such, the order dismissing Plaintiff's action is hereby reversed, and the case is remanded for further proceedings consistent with this Opinion. In light of our resolution on this issue, we find that Plaintiff's constitutional challenges are necessarily pretermitted.[11]

## V. Conclusion

 The trial court's order dismissing Plaintiff's action is hereby reversed, and the case is remanded for further proceedings. Costs on appeal are assessed against the Defendants/Appellees, for which execution shall issue if necessary.

_____
ARNOLD B. GOLDIN, JUDGE

---

reaffirmed its holding in *Foster* in *Potter v. Perrigan*, No. E2013-01442-COA-R3-CV, 2014 WL 1260609 (Tenn. Ct. App. Mar. 27, 2014).

[11] *See Henderson v. City of Chattanooga*, 133 S.W.3d 192, 215 (Tenn. Ct. App. 2003) ("[O]ur courts will not decide constitutional issues unless resolution is absolutely necessary for determination of the case and the rights of the parties.").