FILED

03/08/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 28, 2021 Session

# JESSICA MEEKS CONINE ET AL. v. MEDTRONIC SOFAMOR DANEK USA, INC.

### Appeal from the Circuit Court for Davidson County
No. 19C1735   Kelvin D. Jones III, Judge

_____

## No. M2020-00614-COA-R3-CV

_____

Plaintiff Jessica Meeks Conine brought this products liability action against Medtronic Sofamor Danek USA, Inc. ("Defendant") on July 24, 2019, alleging that titanium screws implanted in her back during surgery on November 4, 2014, were defective. Plaintiff had filed and nonsuited two prior actions based on the same allegations, once in federal district court and once in Davidson County Circuit Court. The trial court granted Defendant's motion to dismiss on the grounds that this action was time-barred by the one-year statute of limitations, Tenn. Code Ann. § 28-3-104, and not saved by the saving statute, Tenn. Code Ann. § 28-1-105(a). We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Jessica Meeks Conine, Chattanooga, Tennessee, appellant, Pro Se.

Bryan T. Pratt, Kansas City, Missouri, and Gary C. Shockley, Nashville, Tennessee, for appellee, Medtronic Sofamor Danek USA, Inc.

## OPINION

### I. BACKGROUND

Plaintiff alleges, and Defendant does not dispute, that she discovered her injury on June 24, 2015. Her cause of action accrued on that date, and the statutory limitations period

expired one year later, on June 24, 2016. Plaintiff filed her first lawsuit in federal court on June 1, 2016. The federal court entered an order stating that it "may not have subject matter jurisdiction of this action," and ordering Plaintiff to file a response addressing and "establishing if this court does, in fact, have subject matter jurisdiction of this action." Plaintiff moved for voluntary dismissal without prejudice without addressing the jurisdiction issue. The federal court dismissed the action without prejudice on August 31, 2016.

Plaintiff filed her second lawsuit in circuit court on October 31, 2016. She moved for a voluntary nonsuit without prejudice in February of 2019, which the court granted on March 18, 2019. Plaintiff filed her third lawsuit, the current action, in the same circuit court on July 24, 2019. This occurred three years and one month after the statute of limitations expired, and two years and ten months after the federal court nonsuited her first action without prejudice.

Defendant moved for dismissal under Tenn. R. Civ. P. 12.02(6), arguing the third action was untimely filed. In her response, Plaintiff alleged that the parties had entered into an agreement whereby "the Defendant agreed to protect [Plaintiff's] procedural rights in exchange for the federal nonsuit." Plaintiff filed numerous attachments to her response, including a copy of email exchanges between her then-counsel and defense counsel negotiating Defendant's proposal to "agree to protect [Plaintiff's] procedural rights . . . if you agree to dismiss the current action without prejudice."

Plaintiff also filed the affidavit of her attorney at that time, in which he stated:

> Mr. Phillips [defense counsel] sent me an email on June 7, 2016, which offered to protect [Plaintiff's] procedural rights (including tolling the statute of limitations and protecting her rights to nonsuit) in exchange for my non-suiting the federal case. I accepted his offer.

Defendant replied by asserting that Plaintiff's counsel did not accept Defendant's offer. Defendant filed an "email string between Medtronic's in-house counsel Steve Philips and Plaintiff's then-counsel Chuck Flynn [that] conclusively demonstrates that Mr. Phillips' proposal . . . was expressly withdrawn . . . prior to the filing of Medtronic's answer."

The trial court's final order states that "the Court directed the parties to search for any additional email communications between" parties' counsel, and notes that "Defendant filed the affidavit of Steve Phillips, a Rule 902(11) certification, and an email string consisting of approximately 15 email messages." The trial court concluded, "[b]ased on the parties' briefs, the affidavits and exhibits filed, the argument of counsel, and the record as a whole, the Court finds that Defendant's motion to dismiss is well taken and hereby

2

grants that motion on the grounds that this action is barred by the statute of limitations and does not fall within the savings statute."

## II. ISSUES

Plaintiff raises the following issues, as restated:

1. Whether the trial court erred in holding that her action was time-barred by the statute of limitations and not preserved by the Tennessee saving statute.

2. Whether the trial court erred in holding that Defendant was not equitably estopped from asserting the statute of limitations due to the alleged agreement between the parties to allow an extension of time for Plaintiff to file her action.

## III. STANDARD OF REVIEW

As this Court has often stated, "[w]hen matters outside the pleadings are considered by the trial court, . . . as they were in this case, a motion to dismiss is converted to a motion for summary judgment." *Cartwright v. DMC-Memphis Inc.*, 468 S.W.3d 517, 522 (Tenn. Ct. App. 2014); *see* Tenn. R. Civ. P. 12.02. A trial court may grant summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The propriety of a trial court's summary judgment decision presents a question of law, which we review de novo with no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019).

"The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court has instructed,

> when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis in original). "[I]f the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578

S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

When a party files and properly supports a motion for summary judgment as provided in Rule 56, "to survive summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts . . . showing that there is a genuine issue for trial." *Rye*, 477 S.W.3d at 265 (internal quotation marks and brackets in original omitted). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects,* 578 S.W.3d at 889 (quoting *Rye*, 477 S.W.3d at 265).

In reviewing the trial court's summary judgment decision, we accept the evidence presented by the nonmoving party (in this case, Plaintiff) as true; allow all reasonable inferences in her favor; and "resolve any doubts about the existence of a genuine issue of material fact in favor of" Plaintiff, the party opposing summary judgment. *Id.* at 887.

## IV. ANALYSIS

Tennessee Rule of Civil Procedure 41.01, which addresses voluntary nonsuits, provides, in pertinent part, as follows:

> (1) Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice . . . .

> (2) Notwithstanding the provisions of the preceding paragraph, a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

The saving statute upon which Plaintiff relies provides, in pertinent part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff, . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

4

Tenn. Code Ann. § 28-1-105(a).

The 2006 Advisory Commission Comment to Rule 41.01, which addresses the interplay between that rule and the saving statute, provides the following caveat:

> Although Rule 41.01(2) allows two nonsuits without prejudice, a plaintiff must carefully consider the *separate* issue of whether the saving statute, T.C.A. § 28-1-105, authorizes a recommencement of the plaintiff's action after a nonsuit. A plaintiff should note that taking a second nonsuit, which is permitted by Rule 41.01(2), does not initiate a second one-year period for recommencing the action under the saving statute.

(Emphasis in original). In keeping with this admonition, Tennessee courts have consistently applied the principle that "after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28-1-105." *Mount Hopewell Missionary Baptist Church v. Found. Capital Res., Inc.*, No. M2020-00107-COA-R3-CV, 2021 WL 352019, at *2 (Tenn. Ct. App. Feb. 2, 2021) (quoting *Payne v. Matthews*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982)); *see also Rector v. DACCO, Inc.*, No. M2005-00294-COA-R3-CV, 2006 WL 1749525, at *3 (Tenn. Ct. App. June 26, 2006) (stating "the courts have made it clear that all complaints after the first one must be filed within one year from the date of the dismissal of the first complaint," and "plaintiffs who file their initial complaint in federal court enjoy the same one-year saving period that is available to plaintiffs who file their initial complaint in state court under Tenn. Code Ann. § 28-1-105(a)"); *Watts v. Kroger Co.*, 102 S.W.3d 645, 648 (Tenn. Ct. App. 2002) ("plaintiff's third action brought more than one year after the dismissal of the first action is time barred"); *Creed v. Valentine*, 967 S.W.2d 325, 326 (Tenn. Ct. App. 1997) ("the failure to bring the third action within one year from the original dismissal results in this case being time barred"); *Knight v. Ram Nationwide, Inc.*, 100 Fed. App'x 419, 421 (6th Cir. 2004) (applying Tennessee law to affirm dismissal under rule that "when a suit filed within the applicable statute of limitations is dismissed without prejudice, any subsequent suit based on the same cause of action must be instituted within one year after the termination of the first action in order to be timely") (internal quotation marks omitted).

In *Frazier v. E. Tenn. Baptist Hosp.*, 55 S.W.3d 925, 927-28 (Tenn. 2001), the Supreme Court stated the applicable rule as follows:

> Reading Rule 41.01 and Tenn. Code Ann. § 28-1-105 together, their effect is to allow a plaintiff, having already commenced the original lawsuit within the applicable statute of limitations, to take a maximum of two voluntary dismissals without prejudice and still retain the capacity to re-join an original

defendant so long as the plaintiff "commence[s] a new action" within one year of the granting of the first nonsuit.

In the present case, because Plaintiff did not file this third action within one year after the federal court dismissed her first action—the only lawsuit filed within the statutory limitations period—the trial court correctly dismissed it as untimely filed. Plaintiff argues that the federal trial court did not have subject matter jurisdiction, and therefore it could not have had the authority to grant her request for a voluntary nonsuit. She contends that the federal nonsuit should not "count" against her allowance of voluntary nonsuits provided by Rule 41.01. However, neither the federal court nor any other tribunal ever entered an order holding that it did not have subject matter jurisdiction. "It is well-settled that a trial court speaks through its written orders." *Williams v. City of Burns*, 465 S.W.3d 96,119 (Tenn. 2015). The federal court suggested it might not have diversity jurisdiction and requested clarification from the parties. But Plaintiff asked for, and was granted, a voluntary nonsuit before that question was answered.

Secondly, Defendant did not ask the trial court to dismiss Plaintiff's action based on Rule 41.01, nor did the trial court base its ruling on its operation. Her complaint was dismissed not because she had taken two prior nonsuits without prejudice but because the action was time-barred and not preserved by the saving statute, a result clearly mandated by the above-cited authorities.

Regarding Plaintiff's argument that the trial court erred in declining to hold that Defendant was not equitably estopped from asserting the statute of limitations due to the alleged tolling agreement between the parties, the trial court gave both sides ample time and opportunity to present any evidence they wished on this matter. The email string documenting Defendant's proposal, and the negotiations between counsel that followed, was placed into the record and considered by the trial court. Nothing in it suggests that the parties reached an agreement. To the contrary, the email thread concludes as follows:

*Defense Counsel*: I'm sorry you chose not to participate in the early resolution program I offered. To avoid any doubt, the offer is withdrawn.

*Plaintiff's Counsel*: I'm sorry we could not work this out.

At the hearing before the trial court on this issue, Plaintiff's then-counsel admitted, "[t]here's nothing in writing that we can find that would support the existence of a tolling agreement." Construing the evidence and reasonable inferences therefrom in the light most favorable to Plaintiff, we find no trier of fact could conclude that the parties entered into an agreement regarding Plaintiff's procedural rights prior to her request for a voluntary nonsuit from the federal court.

6

## V. CONCLUSION

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Jessica Meeks Conine, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE